**LI CHEUNG et al., Petitioners,**

v.

**P. A. ESPERDY, District Director, Immigration and Naturalization Service, Respondent.**

Nos. 15–37, Docket 31299, 31302–31306, 31309–31313, 31315–31316, 31317, 31319, 31320, 31322–31325, 31332, 31336, 31337.

United States Court of Appeals Second Circuit.

Submitted May 15, 1967.

Decided May 19, 1967.

Jules E. Coven, New York City (Lebenkoff & Coven, New York City, of counsel), for petitioners.

Francis J. Lyons, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, of counsel), for respondent.

Before LUMBARD and MOORE, Circuit Judges, and BARTELS,* District Judge.

BARTELS, District Judge.

All of these petitioners,[1] alien crewmen under orders of deportation to Hong Kong, Singapore and the Republic of China, seek a review of the orders of the District Director of the Immigration and Naturalization Service denying stays of deportations. All have remained illegally in this country after their respective ships have departed. Although the individual circumstances vary somewhat, the essential jurisdictional facts are the same in each case.

After hearings under Section 242(b) of the Immigration and Nationality Act (Act), 8 U.S.C.A. § 1252(b), orders of deportation, followed by letters of depor-

---

\* Of the Eastern District of New York, sitting by designation.

1. Represented by 23 separate petitions, Docket Nos. 31299, 31302, 31303, 31304, 31305, 31306, 31309, 31310, 31311, 31312, 31313, 31315, 31316, 31317, 31319, 31320, 31322, 31323, 31324, 31325, 31332, 31336 and 31337.

tation, were issued. Petitioners have not appealed and apparently are not in a position to appeal the deportation orders. Instead they seek in this Court to stay the hand of the Immigration and Naturalization Service, which now moves to dismiss the appeal from the District Director's denial of stays of the deportations for lack of subject-matter jurisdiction or, in the alternative, to dissolve the judicial stays. The basis for the petitioners' jurisdictional claim is that the requested stays have merged with the final orders of deportation issued under Section 242(b) of the Act and therefore fall within the scope of Section 106(a) of the Act, 8 U.S.C.A. § 1105a (a).[2] The issue here is whether the denial of the stays is an inextricable part of the proceedings under Section 242(b) of the Act and consequently falls within the category of a final order reviewable in this Court.

■ After a review of the authorities this Court held in Tai Mui v. Esperdy, 371 F.2d 772, 775–777 (2 Cir. 1966), cert. denied, 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454 (April 24, 1967), that a denial of a stay of deportation sought after deportation has been ordered is not a "final orders of deportation * * * pursuant to administrative proceedings under section 242(b) of [the Immigration and Nationality Act]" made reviewable in a Court of Appeals by section 106(a) of the Act, 8 U.S.C.A. § 1105a(a). Petitioners here do not dispute this reading of Tai Mui, but contend that contrary holdings of the Seventh Circuit (see e. g. Melone v. Immigration and Naturalization Service, 355 F.2d 533 (7

Cir. 1966)) should be followed instead, and that uncertainty as to the holdings of other circuits should lead us to retain jurisdiction at least temporarily. It is a sufficient answer that this Court has ruled on the matter, and certiorari has been denied by the Supreme Court.

■ From a history of these and similar petitions it becomes apparent that their purpose is to secure delay of deportations by means of fruitless jurisdictional disputes. Therefore, in order to effectuate the congressional intent of expedition as evinced by Section 1105a(a), we have concluded to examine the merits of the petitions to obviate any further delay in the event that we are in error. The only reasons advanced by petitioners for staying their deportations, the lack of precise notice as to means of deportation and the speculative possibility of finding certifiable work in the United States (§ 203(a) (6) of the Act, 8 U.S.C.A. § 1153(a) (6)), certainly do not show that the District Director's decisions "were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group * * *." Wong Wing Hang v. Immigration and Naturalization Serv., 360 F.2d 715, 719 (2 Cir. 1966). These clearly justified orders of deportation have been stayed too long already; there seems to be no reason not to decide the merits of these petitions.

We uphold the District Director's denial of stays of deportation. Our mandate will issue forthwith.

2. This section provides that Sections 1031–1042 of Title 5 of the United States Code shall be the exclusive procedure for judicial review of all final orders of deportation made against aliens pursuant to administrative proceedings under Section 1252(b) of that title. These sections designate the Court of Appeals as the court having exclusive jurisdiction to determine the validity of all final orders of the various administrative agencies.