MATTER OF SONEGAWA

In Visa Petition Proceedings

A-14616469

*Decided by Regional Commissioner August 14, 1967*

Approval of a visa petition filed by the owner and proprietress of a custom dress and boutique shop to accord beneficiary preference classification under section 203(a)(6) of the Immigration and Nationality Act, as amended, as an assistant clothes designer, is not precluded by the fact that petitioner's net profit for the previous year is not commensurate with the salary specifications of the labor certification where it is found that petitioner's business has increased; that her expectations of continued increase in business and profits are reasonable expectations; and it has been established that she has the ability to meet the wages stipulated in the labor certification.

ON BEHALF OF PETITIONER: Sidney M. Kaplan, Esquire
Room 818
756 South Broadway
Los Angeles, California 90014

**Discussion:** This case comes forward on appeal from the decision of the District Director, Los Angeles who denied the petition on May 31, 1967 in that it had not been established that the petitioner could meet the wage requirements of the position certified by the Secretary of Labor.

Oral argument was requested and granted. Petitioner appeared with counsel as scheduled.

The petitioner is the owner and proprietor of a fashionable "custom dress and boutique" shop in Pasadena, California, specializing in womens clothes of oriental fabric and design. The shop was established in 1956 and does an annual gross business of about $100,000. In addition to the petitioner, there are four regular employees and from one to four part-time employees. Petitioner has been doing her own designing and creations and now seeks the services of the beneficiary as an "assistant designer for oriental arts". Form ES-575B, "Job Offer for Alien Employment", describes the duties of the position as follows: "Has to be able to do embroidery, beading, special handwork, designing, pattern work cutting, fitting, and finishing. She will be

working in an air conditioned shop, working with modern equipment, and in nice surroundings." The education and training requirements for the position are described as, "She has to have at least five years experience in dress designing, pattern making, and cutting. Must also be able to do embroidery and fitting." The salary offered is $3.00 an hour for a 40 hour week.

The certification required by section 212(a)(14) of the Immigration and Nationality Act, as amended, as to the availability of like labor in the United States has been issued by the Department of Labor, which titled the poition certified as "clothes designer" with a code 142.081.

The beneficiary is a 35-year-old single female, a native and citizen of Japan. She was admitted to the United States at Honolulu, Hawaii as a visitor for business on February 6, 1965 as a representative of a Japanese import firm to research United States markets for products attractive to Japanese business. She subsequently applied for a change of nonimmigrant status to that of a student which was denied and beneficiary returned to Japan in September 1966.

Evidence presented shows that the beneficiary graduated from high school in Japan in 1951 and that she attended the Musashino Dress Making Women's College in Tokyo from October 1955 to September 1957 completing a course in professional techniques of dress making, cutting and embroidery and also fitting, and was awarded a graduation diploma on March 31, 1958. On March 31, 1957 she was awarded a certificate of merit for outstanding work by the school. She also presented a certificate showing completion of a "designers course" from the Dress Makers Women's College, Tokyo on March 30, 1959 and a diploma showing completion of a two-year course in oriental interior design from Nippon Design College in Tokyo on March 25, 1964. She was issued an instructor's license in dress making on March 28, 1959 by the Japanese Department of Labor in Tokyo.

From 1957 to March 1962 she was a part-time instructor in dress making at the Pair Dress in Tokyo, from April 1959 to August 1962 she was also employed by Shinobu Dress Making in Tokyo as chief designer where she was employed in designing, cutting and fitting custom made clothes. From September 1962 to January 1965 she was employed by K. K. Esu in Tokyo as a consulting executive designer for ready made manufactured clothes. Here she did original designing and pattern making and worked as a supervisor and trainer of other employees. From the evidence submitted it is well established that the beneficiary is qualified for performance of the duties of the position.

Section 203(a)(6) of the Immigration and Nationality Act, as amended, provides for the availability of visas to qualified immigrants

who are capable of performing skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exist in the United States.

Section 204(a) of the Act provides that any person desiring and intending to employ within the United States an alien entitled to classification as a preference immigrant under section 203(a)(6) may file a petition with the Attorney General for such classification.

The term "desiring and intending to employ" contemplates not only the physical facilities to utilize such services but the financial ability to meet the wage requirements of the certified job offer.

The District Director in his denial order stated:

Your 1966 income tax return indicates a net business profit of $280. In your application to the Secretary of Labor for the certification required by section 212(a)(14) you alleged that the beneficiary will be employed eight hours per day, 40 hours per week, at a salary of $3.00 per hour. You will then be obliged to pay the beneficiary a yearly wage of $6,240 which is considerably in excess of the net profit for 1966.

Petitioner has been in business in a competitive field for over 11 years. There is no evidence that she will not continue in business for many more years. The fact that she is seeking the services of an oriental clothes designer is in itself evidence that she plans to continue in the business. Petitioner has been making a living for herself and employing from four to eight employees without any evidence of financial difficulties. She has admitted that 1966 was not a good year. In that year petitioner changed to a better location, and for five months paid double rent; on her old place and on her new place. There were large moving costs and also a period of time when she was unable to do regular business. She has presented a financial statement prepared by an accounting firm in Pasadena dated May 31, 1967 which shows that the petitioner from January 1, 1967 to May 31, 1967 has made a net profit of $4,774. Petitioner states that with the addition of an authentic oriental designer from Japan she will substantially increase her business not only in the actual number of clients but also to the type of customer who is willing to pay a higher price for authentic Japanese designs and patterns. The petitioner's shop is well recognized in Pasadena. The dress shop was the subject of a news article in a fashion magazine which stated in part:

It's exciting to discover a new designer, and if you've never driven to 606 Colorado Blvd. in Pasadena, you have a treat in store. This is the headquarters of Kow Kaneko, couturiere designer, master craftsman, and good friend of her hundreds of patrons.

Kow Kaneko began her fashion career doing free lance designing for Saks Fifth Avenue, Marshall Fields and Bullock's Wilshire, but now devotes herself exclusively to her custom studio in Pasadena. She uses the Oriental concept

of Shibui as the theme of all her designs. Shibui is a Japanese word with nuances
of meaning . . . lovely, understated, beautiful . . . and, certainly, these adjec-
tives apply to her work.

On appeal petitioner presented her income tax returns for 1966
showing that she paid over $19,000 in wages to four regular employees
and four part-time employees. She presented evidence in the form of a
scrapbook showing that she is well known for her designs and fashions
and outstanding in her field. Time and Look magazines have published
full colored pages of her creations as has the Fashion Service Review as
well as numerous other fashion magazines. Petitioner has made most of
the gowns for the Miss Universe of the Long Beach beauty pageant. She
has as clients movie actresses and society matrons. Her clients have
been included in the lists of the best dressed California women. Peti-
tioner makes numerous appearances at design and fashion shows
throughout the United States lecturing on fabric, design and tech-
niques. She also lectures at colleges and universities in California and
at home economic institutes on these subjects. She received fees for the
appearances which are not included in the income of her store. Her
reputation as a fashion designer and couturiere makes her in demand.
Petitioner states that because she must on occasion be away from her
business, she is in urgent need of the services of the beneficiary. Her
business has increased at the new location and she is unable to keep up
with the demands of the work.

The fact that petitioner was able to show only a net profit of $280
for the calendar year of 1966 does not in itself preclude the beneficiary
from establishing that she will be able to meet the conditions of the
certification in the "Job Offer". After careful consideration of all the
above circumstances, we find that the petitioner's expectations of con-
tinued increase in business and increasing profits are reasonable
expectations and that it has been established that she has the ability
to pay the beneficiary the stipulated wages and meet the conditions
of the certification. We find that the beneficiary is eligible for the
classification sought. The appeal will be sustained and the petition
granted.

ORDER: It is ordered that the appeal be sustained and the peti-
tion granted.

615