JOHNSON–LAIRD, INC., an Oregon corporation, and Andrew Johnson-Laird, Plaintiffs,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

Civ. No. 81–128–RE.

United States District Court, D. Oregon.

Oct. 20, 1981.

Gerald H. Robinson, Portland, Or., for plaintiffs.

Sidney I. Lezak, U. S. Atty., Laury H. Hennings, Asst. U. S. Atty., Portland, Or., for defendant.

REDDEN, District Judge:

This is an immigration case which presents, on cross motions for summary judgment, a legal issue of first impression. This issue concerns the proper interpretation of section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(L), which allows "a firm or corporation or other legal entity" to petition for the granting of "non-immigrant" status to employees which it wishes to transfer to corporate posts in this country.

The relevant facts are not in dispute. Andrew Johnson-Laird is a citizen of the United Kingdom; his wife Kay Kitagawa is a Canadian citizen. In 1977 Johnson-Laird founded a business in Canada which consulted with other companies on the design and installation of micro-processor business systems. This business was organized as a sole proprietorship and not in corporate form, which is a critical datum in the present dispute.

In September of 1979, Johnson-Laird established "a branch" of this business in the United States, in Portland, Oregon. Johnson-Laird and Kay Kitagawa entered the country under the "non-immigrant" status of "visitor," but the proprietorship soon filed a petition with the Immigration and Naturalization Service (INS) to classify Johnson-Laird and Kitagawa as "intra-company transferees," another "non-immigrant" status which, if granted, allows the "non-immigrant" to remain in the United States for a renewable three year term. Johnson-Laird was listed in the petition as an "employee" of his sole proprietorship, as was Kay Kitagawa, who was listed as his "secretary."

The District Director of the INS denied the petition on May 2, 1980, stating that the intra-company transferee statute did not contemplate "the total movement of foreign companies to the United States," or its use as a substitute for the unavailability of non-preference visa numbers for immigrant investors. Further, the District Director stated that Johnson-Laird was in fact self-employed, and did not qualify as a transferred employee.

On administrative appeal, the Regional Commissioner of INS concluded that since the petitioner was a sole proprietorship, it did not qualify as a "firm or corporation or other legal entity or subsidiary thereof" which is qualified to make such transfers under § 101(a)(15)(L). Further, he held that even if the sole proprietorship was an eligible petitioner, Johnson-Laird was not an "employee" as defined in the Labor De-

partment alien certification regulations, 20 C.F.R. 656.50.

On a motion to reconsider, the Regional Commissioner was informed that the petitioning sole proprietorship had since incorporated under the laws of the State of Oregon as Johnson-Laird, Inc. In response, the Regional Commissioner opined that the Oregon incorporation "removes the difficulty concerning the beneficiaries' self-employment in the United States since they now do constitute employees of the corporate petitioner" but he renewed his denial of the appeal on the ground that they had not been "employed" by an entity abroad. The Commissioner ruled that the Canadian business was a sole proprietorship and not a corporation or other business entity having a separate legal existence, and therefore the petitioners were self-employed in Canada, and not "employed" by an eligible business entity.

The case is now before this court for review of that decision. Jurisdiction is conferred by 28 U.S.C. § 1331.

■ The court is mindful of the limited nature of its review in such cases. "Great deference" is, of course, accorded to the "interpretation given [a] statute by the officers or agency charged with its administration," *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). However, agency discretion cannot be exercised so as to conflict with the purpose of the applicable statute, *Yiu Tsang Cheung v. Dist. Director, INS*, 641 F.2d 666, 669 (9th Cir. 1980), citing *Ruangswang v. INS*, 591 F.2d 39, 46 n. 12 (9th Cir. 1978), even though an agency interpretation will be upheld as reasonable " 'unless it is plainly erroneous or inconsistent' with the statute." *Kester v. Campbell*, 652 F.2d 13 (9th Cir. 1981), see also, *Curlott v. Hampton*, 438 F.Supp. 505, 507 (D.Alas.1977) *aff'd in part and reversed in part*, 598 F.2d 1175 (9th Cir. 1979).

■ The petitioners in this case have presented a persuasive case on the issue of the inconsistency of the INS interpretation with the language and purpose of 8 U.S.C.

§ 1101(a)(15)(L). The legislative history of that provision makes plain that the terms "firm" and "legal entity" were added to the pre-existing term "corporation" in order to broaden the range of businesses eligible to petition. As Congressman Feighan, Chairman of the House Sub-Committee on Immigration and sponsor of the bill, stated in the House debate, March 3, 1970:

The bill would permit temporary admission of aliens who had been employed abroad for one year by a corporation, firm, or other legal entity or an affiliate or subsidiary thereof, in a capacity that is executive, managerial, or requires specialized knowledge and who is in the United States to continue employment with the same employer. It is anticipated that the words "firm" and "legal entity" will be interpreted in the broad sense to include all bona fide forms of business organizations including partnerships, sole proprietorships and labor organizations. (91st Congress, 2nd Session, Cong.Rec. 5730).

The law now includes a "firm" or "legal entity," as an eligible petitioner, and an interpretation which ignores this amendment, or construes it as surplusage, is clearly erroneous. *United States v. Marubeni America Corp.*, 611 F.2d 763, 767 (9th Cir. 1980), citing *Pettis ex rel. United States v. Morrison-Knudsen Co., Inc.*, 577 F.2d 668, 673 (9th Cir. 1978). The legislative history of the bill demonstrates Congress' intent, see *Monell v. Dept. of Social Services*, 436 U.S. 658, 665–690, 98 S.Ct. 2018, 2022–35, 56 L.Ed.2d 611 (1978) (Extensive inquiry into legislative history undertaken to determine proper interpretation of Civil Rights Act); *Church of Scientology v. U. S. Dept. of Justice*, 612 F.2d 417, 423–426 (9th Cir. 1979) (Use of sponsors' statements in debate to determine proper interpretation of Freedom of Information Act). Therefore I am convinced that the INS interpretation of the statute is contrary to its language and purpose.

■ Congress intended that the legal status of the petitioning business not be a dispositive consideration in immigration proceedings. Otherwise, immigration deci-

 

sions could hinge upon irrelevancies, such as whether the laws of the country in which the petitioning business was organized favor corporations, or whether a certain form of organization under foreign laws was analogous to our concept of a corporation. Congress acted to obviate the necessity of deciding such collateral issues.

I therefore grant the plaintiff's motion for summary judgment.