Concepcion UBEDA and Abd Ahmad, Plaintiffs,

v.

Jay A. PALMER, Acting District Director of the United States Immigration and Naturalization Service, Defendant.

No. 81 C 2999.

United States District Court, N. D. Illinois, E. D.

May 26, 1982.

Stanley J. Horn, Chicago, Ill., for plaintiffs.

Dan K. Webb, U. S. Atty. by Roderick A. Palmore, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM

BUA, District Judge.

This action involves the denial of a petition for permanent residency status. *See* § 203(a)(6) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1153(a)(6). The plaintiff beneficiary, Concepcion Ubeda, a native of Paraguay, seeks sixth preference immigrant classification status based on her asserted ability to fill the job of governess. Abd Ahmed, Ms. Ubeda's prospective employer and a plaintiff in the present suit, filed the petition on behalf of Ms. Ubeda on November 4, 1978. Accompanying the petition was a statement of the Job Offer for Alien Employment in which petitioner was required to set out the minimum qualifications required for employment. The statement indicated that the job sought by Ms. Ubeda would require one year of prior experience as a governess. No evidence was submitted that the beneficiary possessed any such experience aside from that acquired while working for petitioner.

Petitioner also stated his intention to compensate the beneficiary at the rate of $500 per month or $6,000 per year for her services. Petitioner's gross annual income, as revealed by his tax returns, is slightly more than $20,000. His net taxable income is roughly $13,000. Out of this income, petitioner currently supports himself, his wife, and five children.

Prior to filing the petition for a sixth preference classification under section 203(a)(6), petitioner filed for and obtained labor certification from the Secretary of Labor pursuant to § 212(a)(14) of the Act, 8 U.S.C. § 1182(a)(14). Notwithstanding such certification, the District Director of the Immigration and Naturalization Service denied the sixth preference petition. The District Director based his denial on his conclusion that petitioner had failed to sustain his burden of proof concerning his ability to pay the beneficiary the wage offered. The District Director also concluded that it had not been shown that petitioner had in fact paid the offered wage or that the beneficiary met the minimum requirements specified in the job offer. Petitioner filed a motion to reconsider which was denied, and the decision was appealed to the Regional Commissioner. The appeal was dismissed on the same grounds that the original petition was denied. Petitioner then sought review in this court and has moved for summary judgment in his favor.

Petitioner argues that the denial of the visa despite the fact that the Secretary of Labor had issued the labor certificate constituted an abuse of discretion. In essence, his argument is that once the labor certificate issues, the Attorney General, acting through the INS, (hereinafter "the Attorney General") is duty bound to grant the sixth preference petition absent fraud or misrepresentation. This court disagrees.

The statutory scheme in the instant case is somewhat involved. Under section 203(a)(6) of the Act, visas may be made available "to qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." 8 U.S.C. § 1153(a)(6). Whether such "qualified" immigrants are ultimately eligible for the visa, however, is up to the discretion of the Secretary of Labor. Under section 212(a)(14), aliens who enter the United States to perform skilled or unskilled labor are denied entry unless the Secretary of Labor certifies to the Attorney General that:

(A) there are not sufficient workers who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

(B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

8 U.S.C. § 1182(a)(14)

The Secretary of Labor's certification is, however, only one part of the statutory scheme. The Attorney General's approval is an additional requirement which must precede the ultimate grant of a visa. The Attorney General's responsibilities are discussed in § 204 of the Act. That section provides in pertinent part that:

(a) . . . any person desiring and intending to employ within the United States an alien entitled to classification as a preference immigrant under section 203(a)(6) . . . may file a petition with the Attorney General for such classification.

(b) After an investigation of the facts in each case, and after a consultation with the Secretary of Labor with respect to petitions to accord a status under section 203(a)(3) or (6), the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is . . . eligible for a preference status under section 203(a), approve the petition . . .

8 U.S.C. § 1154. It is pursuant to this section that petitioner filed on behalf of the beneficiary the petition now under consideration.

Clearly the statute contemplates some investigative role on the part of the Attorney General. He or she is required to 1) "investigat[e] . . . the facts in each case . . ., 2) "consult . . . with the Secretary of Labor with respect to petitions . . ., and 3) "determine . . . that the facts stated in the petition are true." This court thus rejects petitioner's assertion that once the Secretary of Labor has issued the labor certification, the Attorney General is without power to deny the preference absent fraud or misrepresentation.

In support of his argument, petitioner cites *Castaneda-Gonzalez v. Immigration and Naturalization Service*, 564 F.2d 417 (D.C.Cir.1977). In that case, the court construed section 212(a)(14) as requiring that no alien who has been granted a labor certificate can be denied a visa. While *Castaneda-Gonzalez* remains the leading case in the area, it presents issues quite different from those presented in the case at bar and is thus not applicable.

As noted in *Singh v. Attorney General*, 510 F.Supp. 351 (D.D.C.1980), the alien in *Castaneda-Gonzalez* was not governed by sections 203 and 204 of the Act as, at the time of the denial in that case, these sections only applied to immigrants from the eastern hemisphere and the alien was from a country within the western hemisphere.[1] Thus the determination by the *Castaneda-Gonzalez* court was limited to a consideration of section 212(a)(14) and did apply to the preference system imposed by section 203(a)(6). As previously noted, the latter constitutes an additional step in the decision as to whether or not a visa will be granted. Where § 203(a) is applicable, plenary authority is not vested in the Secretary of Labor. *Singh, supra* 510 F.Supp. at 354. Rather, the Secretary's authority is limited to only one part of the total process. As to the remaining questions, the Attorney General has full authority and the opinion of the Secretary of Labor is merely advisory. *Orcales v. District Director of the United States Immigration and Naturalization Service*, 431 F.2d 817 (9th Cir. 1970).

A determination that the Attorney General possesses certain responsibilities in the

1. Such distinctions have since been abolished and all aliens are now subject to the preference system imposed by sections 203 and 204 as well as section 212(a)(14). *See Castaneda-Gonzalez, supra*, 564 F.2d at 428 n.26.

ultimate decision as to whether or not a visa will be issued does not end this court's inquiry, however. It must also be considered whether the determination made in the instant case was within the scope of that authority. This court believes that it was.

As has already been stated, the statute contemplates an investigative role on the part of the Attorney General. *See* p. 649 *supra.* Although the statutory scheme is admittedly somewhat vague, this court believes that part of the investigative function statutorily granted to the Secretary includes an inquiry into the validity of the expressed desire and intent to employ required by § 203(a), i.e. whether or not the employer is in fact *able* to pay the alien's wages. Any alternative interpretation would lead to the obviously undesirable result that numerous aliens would arrive in this country and yet ultimately be left unemployed. This cannot have been the legislature's intention.

It is to be noted that a determination of ability to pay cannot be read into those functions statutorily assigned to the Secretary of Labor. The Secretary of Labor's determination is limited to analysis of the relevant job market conditions and the effect which the grant of a visa would have on the employment situation. Although this authority may well include discretion to consider the skill and qualifications of the prospective immigrant, *see Singh, supra* at 355–56, additional considerations of the propriety of granting a visa are left to the Attorney General.

In the instant case, the Attorney General determined that the petitioner cannot compensate the beneficiary at the wage rate stated. Petitioner has a total gross income of $20,000 and a net taxable income of $13,000 out of which he must support himself, his wife, and five children, one of whom is severely handicapped. Notwith-

standing these financial burdens, petitioner stated that he would compensate the beneficiary at the rate of $500 per month or $6,000 per year. Like the INS, this court finds it highly unlikely that the petitioner can, in fact, compensate the beneficiary in an amount which totals such a high percentage of his income. Clearly, the petitioner is unable to afford this rate of compensation.

This court holds that the determination of the INS that the petitioner was unable to compensate the beneficiary at the stated wage rate was properly utilized as a basis for denying the sixth preference petition.[2] The determination of the Regional Director of the INS is thus affirmed and plaintiff's motion for summary judgment is denied.

---

2. This court does not consider whether the beneficiary possesses the skills required to satisfy the requirements of the position. As the beneficiary has resided with petitioner since 1974 and presumably cared for the family as a governess (albeit without any apparent compensa-

tion), she undoubtedly has one year of experience in the position. Furthermore, such a determination may well be with the ambit of the determination of the Secretary of Labor. *See Singh, supra.*