**K.C.P. FOOD CO., INC., Plaintiff,**

v.

**Charles C. SAVA, District Director, Immigration & Naturalization Service, Defendant.**

**No. 84 Civ. 8405.**

United States District Court, S.D. New York.

Dec. 12, 1985.

Nicholas Paul Altomerianos, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Jorge Guttlein, Sp. Asst., U.S. Atty., of counsel), for defendant.

## OPINION

LEISURE, District Judge:

This matter is before the Court on plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56 and defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Plaintiff seeks district court review of a final decision by the Associate Commissioner for Examinations of the Immigration and Naturalization Service ("INS" or the "Service"), which denied plaintiff's petition to grant the beneficiary, Christoforos Bollas ("Bollas"), preference status for the issuance of a non-immigrant visa on the basis of his

profession or occupation. 8 U.S.C. § 1153(a)(6).

The appeal herein is properly reviewable by the Court pursuant to the Administrative Procedure Act. 5 U.S.C. §§ 701, *et. seq.* Plaintiff asserts two claims on this appeal. First, that the denial by the defendant of the sixth preference visa petition is contrary to applicable laws and regulations and is unsupported by substantial evidence. Plaintiff claims that the administrative agency decision should be set aside as an abuse of discretion pursuant to 5 U.S.C. § 706(2)(A) & (E). Second, plaintiff asserts that the denial by defendant discriminates against the plaintiff as a small business in violation of the Fifth Amendment Due Process Clause.

For the following reasons, plaintiff's request for summary judgment is denied and defendant's cross-motion is granted.

## FACTUAL BACKGROUND

K.C.P. Food Co., Inc. ("K.C.P.") is a New York corporation that operates a coffee shop and restaurant under the name of Twin Donut Shop in New York City. On April 13, 1983, K.C.P. filed an alien employment certification with the United States Department of Labor ("DOL"). This application constitutes evidence of an offer of employment pursuant to 20 C.F.R. § 656.-20(c). The application, submitted for Bollas' benefit, stated that plaintiff would employ Bollas as a Greek Specialty Cook at a salary of $260 per week.

On June 9, 1983, the DOL certified and approved the application pursuant to 8 U.S.C. § 1182(a)(14). The approval process includes a certification by the DOL that there are insufficient United States workers to fill the position offered and that the employment of the alien by plaintiff will not adversely affect the wages and working conditions of workers in the United States who are similarly employed. 8 U.S.C. § 1182(a)(14).

On July 21, 1983, plaintiff petitioned the Service on behalf of Bollas to classify his status as eligible for a sixth preference visa pursuant to Section 203(a)(6) of the

Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1153(a)(6). This section provides that the sixth preference status is

available ... to qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States.

Plaintiff submitted the DOL certification along with various affidavits documenting the beneficiary's pertinent work experience and asserted that it earned an income of $120,000 per year. Certified Administrative Record ("Record") at 14.

On December 12, 1983, the INS returned the petition and requested that further documentary evidence be submitted which showed plaintiff's ability to pay the proffered wage. *See* Defendant's Memorandum of Law at 17 n. *. Plaintiff filed its most recent corporate tax return on May 2, 1984, nearly five months after the INS request. The INS District Director denied the petition on May 25, 1984, based on plaintiff's failure to establish the requisite financial ability to meet the proffered wage. Record at 8–9. In reaching that decision, he considered evidence submitted by plaintiff which indicated that although the beneficiary was offered a yearly wage of $13,520, the net income of the Twin Donut Shop at the end of the fiscal year for September 1983 was $8,541.75. Record at 9.

Plaintiff filed an appeal of the District Director's decision to the Associate Commissioner on May 31, 1984, pursuant to 8 C.F.R. § 103.3. Plaintiff asserted that the corporate tax return, submitted as evidence of financial ability to pay Bollas the proffered wage, did not reflect the corporation's "true" ability to pay. Record at 6–7. The Associate Commissioner affirmed the District Director's denial of the petition and dismissed the appeal on July 17, 1984. The Associate Commissioner found that the corporate tax return showed an 88% drop in inventory from the beginning to the end of the fiscal year. He also found it unlikely that plaintiff would triple its income in

order to meet the additional payroll burden of the proffered wage to the beneficiary. Record 1–2. Plaintiff commenced the present action on November 21, 1984.

## DISCUSSION

■ Review by the Court of denials of preference visas is limited to a determination of whether the denial was an abuse of discretion. *Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir.1971). The Court's determination must be made on the administrative record that was before the Service. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir.1984). Abuse of discretion may be found only if there is no evidence to support the decision. *Id., quoting Song Jook Suh*, 437 F.2d at 1102. In general, the Court must give deference to the construction accorded to a statute by the agency charged with its administration. *De Los Santos v. INS*, 690 F.2d 56, 59 & 60 (2d Cir.1982); *see also North Haven Bd. of Ed. v. Bell*, 456 U.S. 512, 522 n. 12, 102 S.Ct. 1912, 1918 n. 12, 72 L.Ed.2d 299 (1982); *Bertrand v. Sava*, 684 F.2d 204, 217 (2d Cir.1982).

It is not the province of the Court to insist that the Service's interpretations of the Act result in a perfect immigration scheme, or even that they be the best interpretations possible. *De Los Santos*, 690 F.2d at 60. If the Service's interpretation is consistent with the language of the Act and is reasonably calculated to serve the Act's purposes, it is entitled to deference, and the Court will not invalidate that interpretation. *Id.* Even as to purely legal questions, the Service is entitled to a review tempered by respect for the Service's expertise in interpreting and administering the Act. *Nazareno v. Attorney General*, 512 F.2d 936, 939–40 (D.C.Cir.1975); *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). This Court, then, must review this matter with deference to the Service's interpretation of the applicable statutes and regulations.

In visa petition proceedings, the burden of proof to establish eligibility for the bene-

fit conferred by the immigration laws rests with the petitioner. *In re Brantigan*, 11 I. & N. Dec. 493, 495 (B.I.A.1966). Although plaintiff claims that the specific facts herein create a case of first impression, there are analogous cases which support defendant's motion for judgment on the pleadings.

■ It is undisputed that plaintiff must demonstrate financial ability to meet the wage requirements of the certified job offer. In sixth preference visa petition proceedings, the Service must consider the merits of plaintiff's job offer so that a determination can be made whether the offer is realistic and whether it can be met, and determine whether the alien meets the minimum requirements to perform the offered job satisfactorily. *In re Great Wall*, 16 I. & N. Dec. 142, 145 (A.R.C.1977). The question of Bollas' qualifications for the position is not presently before the Court. The issue presented, rather, is plaintiff's financial ability and whether the interpretation by the Associate Commissioner of plaintiff's corporate tax return was reasonable or an abuse of discretion.

■ The facts of *In re Great Wall, supra*, are analogous to those of the present case. The *Great Wall* petitioner offered the beneficiary a wage of $850 per month, and simultaneously submitted an uncertified income statement which revealed a net loss of $2,110.37. 16 I. & N. Dec. at 142–43. The Commissioner upheld the District Directors's denial of the petition on the basis that the income statement did not establish that petitioner could pay the salary stated in the job offer. *Id.*

Plaintiff cites *In re Sonegawa*, 12 I. & N. Dec. 612 (R.C.1967) to support the argument that a corporate tax return is not substantial evidence upon which to base a decision of financial capability and that additional evidence should be reviewed on the present motion. Paradoxically, in this regard plaintiff asks the Court to consider pages 3 and 4 of the corporate income tax return which are not part of the certified administrative record in this case, but which have been attached as exhibits to K.C.P.'s memorandum of law. Plaintiff's request fails to comply with the evidence requirements set forth in 8 C.F.R. § 103.-2(b)(1); there is no indication that plaintiff made any effort, pursuant to 8 C.F.R. § 103.2(b)(2), to inspect the evidence used by the Service in reaching its decision; and plaintiff has made no effort to reopen the administrative proceedings for reconsideration by reason of an allegedly inadvertant incomplete submission. 8 C.F.R. § 103.5. Even if these efforts were made, plaintiff's request is improper since this Court's review is limited to the administrative record that was before the Service. This is not the forum for new evidence to be presented. *See Tongatapu Woodcraft Hawaii, Ltd., supra*, 736 F.2d at 1308. In any event, *Sonegawa* is distinguishable since all the additional evidence in that case was presented to the Service while the case was on appeal at the administrative level.

*Sonegawa* is also distinguishable on its facts. The District Director in *Sonegawa* denied a petition for sixth preference classification based upon an offer to the beneficiary of a yearly wage totaling $6,240 and a $280 net profit revealed in a corporate tax return. On appeal at the administrative level, however, petitioner proffered additional evidence that during the representative fiscal year, her business had relocated to a better location and for a five month-period had to pay double rent. 12 I. & N. at Dec. 614. The move not only prevented her from doing business for a period of time but also caused her to incur substantial costs. *Id.* Unlike the two-year period in which K.C.P. had been in business at the time of the visa preference application, petitioner had been in business for eleven years and had shown substantial potential for growth. *Id.* The petitioner in *Sonegawa* submitted articles on her dress design business from Time and Look magazines. *Id.* at 615. This evidence persuaded the Regional Commissioner that petitioner's expectations of increasing business and profits were reasonable and that she would have the ability to pay the stipulated wage. *Id.*

K.C.P. is not in a position similar to that of the petitioner in *Sonegawa*. It has shown none of the potential for growth that would make its position similar to that of the petitioner in *Sonegawa*. Plaintiff claims that the decisions of both the District Director and the Associate Commissioner were not based on substantial evidence, yet K.C.P. did not proffer additional evidence at the administrative level which would permit the Service, or this Court, to reverse the denial of the petition. Plaintiff asserts that the Service did not suggest it could submit further evidence. It is true that no such request was made at the time of the District Director's decision. However, on December 12, 1983, the INS requested in clear terms that K.C.P. submit further documentary evidence to show ability to pay the proffered wage. Record at 12.

> This evidence can be in the form of balance sheets or a financial statement that indicates that your gross income less expenses (enumerated) leaves a net profit that will at least pay the proffered wage. Such evidence should cover the year of the filing of the petition.

*Id.* The net income after taxes was the figure to be used in determining financial ability. Plaintiff subsequently submitted the corporate tax return in question in May 1984. The Service's request put petitioner on notice that any financial information offered into evidence must reflect an ability to pay.

If the interpretation of a document can lead to such varied results, the petitioner should have been on notice that the submission of less ambiguous documents, which would have indicated a figure amounting to that requested by the INS, was necessary. Despite the fact that petitioner has averred that these documents were not indicative of its financial ability, no further evidence which would support this contention was offered by plaintiff after the District Director denied the petition and before this matter came before the Associate Commissioner on appeal.

Petitioner claims that the decisions in this case by both the District Director and the Associate Commissioner misinterpret the tax return. First, K.C.P. asserts that the purpose of the corporate tax return is solely to establish evidence of the existence of the corporation. Second, K.C.P. claims that the decision should have been based on the $65,000 figure representing the money made before expenses were paid. Plaintiff, however, was on notice that its *net* income had to reflect its ability to pay the offered wage. *Ubeda v. Palmer*, 539 F.Supp. 647 (N.D.Ill.1982), *aff'd mem.*, 703 F.2d 571 (7th Cir.1983), is relevant to this issue. Petitioner in *Ubeda* sought sixth preference immigration classification status based on the beneficiary's ability to work as a governess. The proffered wage was $6,000 per year. The gross annual income revealed by petitioner's tax returns was slightly more than $20,000. His net taxable income was approximately $13,000. From this income the petitioner supported a wife and five children. Although petitioner obtained a labor certificate pursuant to 8 U.S.C. § 1182(a)(14), the District Director, upheld by the district court, denied the petition on the basis that petitioner had failed to sustain his burden of proving the ability to pay the wage offered. *Id.* at 650.

The results in *Ubeda* indicate that it was reasonable for the Service to rely upon K.C.P.'s corporate income tax return in denying the application for a sixth preference status. Plaintiff failed to sustain its burden of proving that it is capable of paying Bollas the wage offered. Accordingly, the decision denying plaintiff's application was not an abuse of discretion.

Plaintiff further contends that the Service used an improper time frame in determining K.C.P.'s ability to pay the wage certified by the DOL. The consideration by the Service of the merits of a petition "would necessarily be focused on the circumstances at the time of the petition." *In re Great Wall*, 16 I. & N. Dec. at 145. The Associate Commissioner properly focused his inquiry to determine whether plaintiff could meet the wage offer at or around July 21, 1983, the time the petition was

filed. On December 12, 1983, a request was made that plaintiff submit further evidence to prove whether it had the ability to pay the offered wage. Such evidence in the form of the corporate income tax return for the year ending September 30, 1983 was not submitted until May 2, 1985. This document, which approximates the time when the petition was filed, constitutes the only evidence in the record that addresses the issue of financial ability. Reliance by the Service on such material does not amount to an abuse of discretion.

Finally, plaintiff argues, without reference to any supporting authority, that somehow its rights to due process were violated. This claim is meritless for the reason that plaintiff cannot demonstrate that it has a property interest "already acquired" that is entitled to protection. *Board of Regents v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). Since the granting of the petition and the issuance of a visa are within the discretion and authority of the Service, due process is served so long as discretion is exercised, as it was in this case, after a fair investigation, with notice and an opportunity to be heard. *Id.* at 576 n. 15, 92 S.Ct. at 2708 n. 15.

## CONCLUSION

For the reasons presented, plaintiff's motion is denied and defendant's motion is granted. The complaint is hereby dismissed.

SO ORDERED.