724 F.Supp. 1103 (1989)
FEDIN BROTHERS CO. LTD. and Huy-Yin Chen, Plaintiffs,
v.
Charles SAVA, District Director, Immigration & Naturalization Service, etc., Defendants.
No. CV 88-3729.
United States District Court, E.D. New York.
November 16, 1989.
*1104 Alan Lee, New York City, for plaintiffs.
Andrew J. Maloney, U.S. Atty. by Scott Dunn, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

MEMORANDUM AND ORDER
WEXLER, District Judge.
In this lawsuit plaintiffs, Fedin Brothers, Inc. ("Fedin New York") and Huy-Yin Chen ("Chen"), seek review of an administrative decision rendered by the Immigration and Naturalization Service ("INS"), which denied Chen's application for a sixth preference immigration visa. Named as defendants are Charles Sava, District Director of the INS in New York City and Alan Nelson, Commissioner of the INS in Washington, D.C. Presently before the Court is the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion for summary judgment is granted.

I. Background

Plaintiff Chen, a Taiwanese citizen, presently holds a nonimmigrant intracompany transferee visa (an "L-1 Visa"). This visa has been extended until November 13, 1990. On May 4, 1987, Fedin New York filed with the INS a sixth preference immigrant visa petition, naming Chen as the beneficiary. The petition sought to classify Chen pursuant to 8 U.S.C. Section 1153(a)(6), which provides that immigrant visas may be issued to "qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." Id.
Generally, applications for a sixth preference immigrant visa must include a certification from the Department of Labor stating that there are not enough American workers to fill the offered position and that the alien's employment will not adversely affect the working conditions of American workers who are similarly employed. 8 U.S.C. Section 1182(a)(14). However, the Secretary of Labor has deemed that certain executive or managerial "intracompany transferees" are entitled to "blanket" labor certification. 20 C.F.R. Section 656.10, Schedule A, Group IV. To obtain blanket certification, an alien must establish: (1) that he was a manager or executive for a foreign company for one year preceding his visa application, and (2) that he is being transferred to a subsidiary of that company in the United States where he will be employed in an executive or managerial capacity. Alien applicants who seek to obtain blanket labor certification in accordance with Schedule A, Group IV must meet the eligibility requirements for a manager or an executive under the Immigration and Nationality Act, 20 C.F.R. Section 656.22(f)(1). Thus, the INS is the administrative agency that decides whether the alien applicant may obtain a blanket labor certification and subsequently an immigrant visa pursuant to 8 U.S.C. Section 1153(a)(6).
In the instant case, plaintiffs allege that Chen is entitled to a sixth preference immigrant visa as a matter of law because he has qualified for a blanket labor certification by performing duties in an executive or managerial capacity for a foreign company (for at least one year preceding his visa application) and its American subsidiary. *1105 Chen served as president of Fedin Brothers Co. Ltd. ("Fedin Taiwan"), a manufacturer of plastic parts incorporated in Taiwan, Republic of China. Furthermore, Chen submitted affidavits in his application to the INS stating that he performed and will continue to perform executive and managerial duties at Fedin New York, a wholly owned subsidiary of Fedin Taiwan incorporated in New York.
The INS Eastern Regional Service Center ("INS Center") determined that Chen did not perform in an executive or managerial capacity and subsequently denied the plaintiffs' visa petition on March 8, 1988. The INS Center ascertained that "[t]he beneficiary is primarily providing all the services of the business, he is not supervising managers. He is not primarily performing executive or managerial duties and the enterprise has not grown to a size that would realistically support an executive or a manager." In re Huy-Yin Chen, I. & N. Dec. dated Mar. 8, 1988 at 2. The INS Center then decided that plaintiffs failed in their burden to "clearly establish that the offered position will be in either an executive or managerial position." Id. at 3.
Plaintiffs then filed an appeal with the INS Administrative Appeals Unit ("AAU"). On September 30, 1988, the AAU dismissed plaintiffs' appeal because it found that Chen had been singlehandedly providing the services of Fedin New York, rather than performing duties which may be regarded as primarily managerial or executive in substance. On December 8, 1988, plaintiffs filed a complaint in the United States District Court for the Eastern District of New York seeking judicial review of the INS' decision denying Chen's application for a sixth preference immigration visa classification through Schedule A, Group IV. Arguing that Chen has not performed duties primarily executive or managerial in nature, defendants maintain they properly denied Chen's visa application. Accordingly, defendants move for summary judgment. After reviewing the applicable legal standards, the Court will address defendants' motion.

II. Standard of Review

Under the Immigration and Nationality Act, 8 U.S.C. Section 1101 et seq., the grant or denial of a visa preference classification is within the discretionary powers of the INS. North American Industries, Inc. v. Feldman, 722 F.2d 893, 898 (1st Cir.1983); Mila v. District Director, 678 F.2d 123, 125 (10th Cir.1982), cert. denied, 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 952 (1983); Elatos Restaurant Corp. v. Sava, 632 F.Supp. 1049 (S.D.N.Y.1986). Therefore, judicial review of a denial of a visa petition is narrowly circumscribed and limited to whether the decision of the INS was arbitrary, capricious or an abuse of discretion. 5 U.S.C. 706(2)(A); Pancho Villa Restaurant, Inc. v. United States Department of Labor, 796 F.2d 596, 597 (2d Cir. 1986); London Typographers, Inc. v. Sava, 628 F.Supp. 570, 576 (S.D.N.Y.1986). Furthermore, an abuse of discretion may be found when an INS determination is "[u]nsupported by reasonable, substantial ... evidence on the record considered as a whole." Elatos Restaurant Corp., 632 F.Supp. at 1053 (citations omitted). In fact, it is well established in the Second Circuit "that abuse of discretion is shown only if the decision under review was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." London Typographers, Inc., 628 F.Supp. at 576. See also Li Cheung v. Esperdy, 377 F.2d 819 (2d Cir.1967). In determining whether the INS abused its discretion, the Court must bear in mind that the petitioner or beneficiary carries the burden of proving that the applicant is entitled to the visa classification. Tongatapu Woodcraft of Hawaii, Ltd., 736 F.2d 1305, 1308 (9th Cir.1984); London Typographers, Inc., 628 F.Supp. at 576; K.C.P. Food Co., Inc. v. Sava, 623 F.Supp. 1080, 1082-83 (S.D.N.Y.1985).
Generally, a reviewing court defers to the construction accorded a statute by the agency in charge of its administration. Bertrand v. Sava, 684 F.2d 204, 217 (2d Cir.1982); K.C.P. Food Co., 623 F.Supp. at 1082. With respect to immigration cases, *1106 courts have been particularly deferential to the decisions of the INS. In this regard it has been noted that "[i]t is not the province of the Court to insist that the Service's interpretations of the Act result in a perfect immigration scheme, or even that they be the best interpretations possible." K.C.P. Food Co., 623 F.Supp. at 1082. Moreover, the same Court went on to say that "[e]ven as to purely legal questions," decisions of the INS are worthy of "a review tempered by respect for the Service's expertise in interpreting and administering the Act." Id. (citations omitted). See also Bertrand v. Sava, 684 F.2d 204, 214 (2d Cir.1982) (indicating that the Court "improperly substituted its judgment for that of the INS director" in a habeas corpus proceeding involving aliens).
With these principles in mind, the Court now turns to the case at bar. It is to be noted that the review is limited to the facts contained in the certified administrative record of the Administrative Appeals Unit (AAU) and the Eastern Regional Service Center. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 825-826, 28 L.Ed.2d 136 (1971); K.C.P. Food Co., 623 F.Supp. at 1082.

III. Discussion

In their motion for summary judgment, defendants claim that the INS properly denied plaintiffs' petition for a sixth preference visa classification filed on behalf of Chen. First, defendants maintain that their decision effectuates Congressional intent with respect to nonimmigrant intracompany transferees. Secondly, defendants argue that INS regulations regarding executive and managerial duties comport with the intent of Congress. Finally, defendants contend that plaintiffs have failed in their attempt to prove that Chen will perform managerial or executive duties for Fedin New York. The Court will address each one of these contentions separately.

A. Congressional Intent
To reiterate, plaintiffs claim that Chen is entitled to blanket labor certification in that his position at Fedin New York has been and will be managerial or executive in nature. 20 C.F.R. 656.10 Schedule A, Group IV. In accordance with 20 C.F.R. Section 656.22, an applicant seeking such blanket certification must fulfill the requirements for a nonimmigrant intracompany transferee ("L-1" visa) as set forth in 8 U.S.C. Section 1101(a)(15)(L), as well as the INS regulations promulgated to implement the statute. A brief review of the legislative history behind 8 U.S.C. Section 1101(a)(15)(L) reveals that INS's denial of Chen's visa petition coincides with Congressional intent.
In 1970, Congress added the nonimmigrant category of intracompany transferee to the Immigration and Nationality Act. Section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. Section 1101(a)(15)(L), as amended by section 1(b), Act of April 17, 1970, P.L. 91-225, 84 Stat. 116. An examination of the floor debate and the committee report surrounding the amendment of this "L" visa category reveals that its purpose was to facilitate the entrance of managers and executives of international companies, on a temporary basis, into the United States. 116 Cong. Rec. 5730 (1970). In addition, it is important to note that the "L" visa category was to be narrowly circumscribed, and "carefully monitored and regulated by the Immigration and Naturalization Service." Id. at 5732.
In light of the above facts, defendants' denial of Chen's visa petition is consistent with 8 U.S.C. Section 1101(a)(15)(L). Congress intended to give the INS wide latitude in deciding whether managers or executives could be temporarily admitted into the United States. Furthermore, Congress made it clear that only a small number of applicants would meet the requirements of 8 U.S.C. Section 1101(a)(L)(15), since the statute was to be narrowly drawn. This Court will not disturb the Service's interpretation when it is "consistent with the language of the Act." K.C.P. Food Co., 623 F.Supp. at 1082.

*1107 B. INS Regulations and Congressional Intent
Since 8 U.S.C. Section 1101(a)(L)(15) refers to managers and executives but does not define these two terms, the INS enacted regulations to explain their meaning. "Managerial capacity" is defined as follows:
[A]n assignment within an organization in which the employee primarily directs the organization or a department or subdivision of the organization, supervises and controls the work of other supervisory, professional, or managerial employees, has the authority to hire and fire or recommend those as well as other personnel actions ... and exercises discretionary authority over day-to-day operations. The term manager does not include a first-line supervisor, unless the employees supervised are professional, nor does it include an employee who primarily performs the tasks necessary to produce the product and/or to provide the service(s) of the organization.
8 C.F.R. Section 214.2(l)(1)(ii)(B)(1989). "Executive capacity" is defined as:
[A]n assignment within an organization in which the employee primarily directs the management of an organization or a major component or function of that organization, establishes the goals and policies of the organization, component or function, exercises wide latitude in discretionary decision-making, and receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the business. This definition does not include an employee who primarily performs the tasks necessary to produce the product and/or to provide the service(s) of the organization.
8 C.F.R. Section 214.2(l)(1)(ii)(C)(1989).
Before implementing these regulations, the INS published a notice of proposed rulemaking in the Federal Register. It considered information from commentators in an effort to balance the Congressional intent to limit the number of "L" visa holders with the INS' desire to facilitate the legitimate needs of foreign companies needing to transfer key personnel to their American companies. See 51 Fed.Reg. 18591 (May 21, 1986). Some commentators were concerned that the INS regulations defining what constitutes a managerial or executive position might discriminate against small or medium sized companies. In the instant case, plaintiffs express the same concern  that the INS' regulations prejudice small companies. Plaintiffs argue that the INS is intertwining the concepts of managerial and executive with the concept of size or "bigness," so that a small company like Fedin New York will never be able to meet the regulations' requirements.
The INS specifically responded to this concern by indicating that the executive and managerial categories were available to smaller companies as long as the duties in question were primarily executive or managerial in nature. See 52 Fed.Reg 5739. Furthermore, the INS explained that the "L" visa classification was not open to everyone who opened a business in the United States. For example, an executive or managerial title alone is insufficient if the alien applicant does not perform duties primarily executive or managerial in nature. Id. These INS regulations are reasonable interpretations of the statute involved, and therefore must be accorded deference. Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980) (citations omitted).

C. Defendants' Denial of Plaintiffs' Petition
As stated above, plaintiffs carry the burden of proving that Chen is entitled to the blanket labor certification needed to obtain his sixth preference visa application. Tongatapu Woodcraft Hawaii, Ltd., 736 F.2d at 1308; London Typographers, Inc., 628 F.Supp. at 576; K.C.P. Food Co., Inc., 623 F.Supp. at 1082-83. Defendants claim that plaintiffs failed to meet that burden and therefore properly denied the visa classification. Plaintiffs argue that the INS abused its discretion because, according to plaintiffs, the evidence establishes that *1108 Chen has performed and will perform executive and managerial duties at Fedin New York. As long as the INS' determination was made: (1) on a rational basis and (2) based on substantial evidence, the denial of plaintiffs' visa petition must be upheld. 5 U.S.C. 706(2)(A), (E); Pancho Villa Restaurant, Inc., 796 F.2d at 597; Tongatapu Woodcraft Hawaii, Ltd., 736 F.2d at 1308; De Los Santos v. INS, 690 F.2d 56, 59 (2d Cir.1982); Bertrand, 684 F.2d at 214; Li Cheung, 377 F.2d at 819; London Typographers, Inc., 628 F.Supp. at 576; Reyes v. INS, 478 F.Supp. 63, 65 (E.D.N.Y.1979). This Court will not overturn the INS's decision merely because it may or may not have preferred a different outcome. INS v. Jong Ha Wang, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981); De Los Santos, 690 F.2d at 60; Bertrand, 684 F.2d at 214; Elatos Restaurant Corp., 632 F.Supp. at 1053.
This Court holds that defendants did not commit an abuse of discretion in denying plaintiffs' visa application because the INS' decision is based on substantial evidence. There is a rational basis for the conclusion that Chen failed to establish that his duties at Fedin New York were and will be managerial and executive in nature. To begin with, plaintiffs offered two documents which they claim prove that Chen's duties are primarily executive and managerial in nature. The first document is the "Application For Alien Employment Certification," which provides in pertinent part that Chen's duties include the following: "[T]o establish corporate policy and implement decisions after consultation with others in corporate; hire, fire and promote employees; extend markets for company products; liaise with buyers; negotiate contracts, etc."
The second document is Chen's affidavit which states that he is president of Fedin New York. At his job he is:
primarily responsible for the day-to-day operation of the company as well as strategic long-range planning for its future growth, and establish organizational goals and policies and have full power to hire and discharge personnel. [He] also [has] the capacity to negotiate and execute contracts on behalf of the company.
Affidavit of Huy-Yin Chen, dated Dec. 23, 1987 (A.R. 35[1]).
Both of these documents allege that Chen's duties are primarily executive and managerial in nature without offering any concrete evidence in support of the contentions. Nowhere is there any description of how, when, where, and with whom these duties occurred. No specific situations, circumstances or occurrences are mentioned. Such evidence fails to comply with 8 C.F.R. Section 214.2(1)(3), which states that a petition for an intracompany transferee must include: "[e]vidence that the alien will be employed in an executive, managerial ... capacity, including a detailed description of the services to be performed." 8 C.F.R. Section 214.2(l)(3) (emphasis added).
Plaintiffs' documents merely repeat the language of the INS regulations in an effort to meet their burden of proof. Specifics are clearly an important indication of whether an applicant's duties are primarily executive or managerial in nature, otherwise meeting the definitions would simply be a matter of reiterating the regulations. In the Federal Register, the INS specifically mentioned that it wished to avoid situations such as these by emphasizing that the title of a position is not enough to indicate the true nature of employment. 52 Fed. Reg. 5739 (1987). The actual duties themselves reveal the true nature of the employment. Therefore, there is a rational basis for INS's denial of plaintiffs' visa application since it lacks specific evidence that Chen's duties at Fedin New York are primarily managerial and executive in nature. See Loomis & Franklin (U.S.A.) Inc. v. United States Immigration and Naturalization Service, No. 88-1103Z, slip op. at 5-7 (W.D.Wash.1989); Sam Sheng Co. (U.S.A.) Inc. v. Mao Sheng Yang, No. 88-1087M, slip op. at 16 (W.D.Wash.1989).
Furthermore, the fact that the INS Eastern Regional Service Center, when it originally denied plaintiffs' application, asserted *1109 that Fedin New York had not grown to a size that would realistically support an executive or a manager does not conflict with Congressional intent to avoid unfair discrimination of small businesses. The INS merely used size as one factor among others in order to probe into the validity of the evidence presented by plaintiffs as to whether Chen's job could be legitimately considered primarily executive or managerial in nature. In fact, the INS has specifically stated that the size of the organization and the number of its employees could be considered in determining whether an employee is performing duties which qualify under the statute. 51 Fed.Reg. at 18592. Therefore, it cannot be said that the INS capriciously denied plaintiffs' visa petition on account of its size alone. Rather, it denied the petition because plaintiffs failed to establish that Chen's duties were primarily managerial and executive in nature. See Loomis & Franklin (U.S.A.) v. United States Immigration and Naturalization Service, No. 88-1103Z at 7; Sam Sheng Co. (U.S.A.) v. Mao Shen Yang, No. 88-1087M at 18.
The INS's finding that Chen's duties will not be primarily managerial or executive in scope is reasonable, particularly in light of the fact that Fedin New York employs only one other individual besides Chen. It is highly likely that Chen will be involved in providing the operational activities and services of the company simply because there is nobody else to carry out these duties. An individual performing these activities, such as sales work, cannot be said to be primarily working in an executive or managerial capacity. See 8 C.F.R. Section 214.2(l)(1)(ii)(B) and (C).
Plaintiffs offer two cases which they claim hold it to be an abuse of discretion for the INS to refer to a company's size in its determination as to whether an alien is employed in an executive or managerial capacity. However, both cases can be distinguished from the case at bar. In the first case, Mars Jewelers, Inc. v. INS, 702 F.Supp. 1570 (N.D.Ga.1988), the reviewing court overturned an INS decision because the INS erroneously applied the 1987 intracompany transferee regulations to the case when it should have applied the 1983 regulations, which were worded differently. Id. at 1576-77. The court then briefly stated that the INS abused its discretion in denying the visa classification petition by "placing undue emphasis on the size of plaintiff's operation." Mars Jewelers, Inc., 702 F.Supp. at 1574. In the instant case, the INS did not place an "undue emphasis" on the size of Fedin New York; rather size was merely one factor used to decide whether plaintiffs' evidence was sufficient in establishing that Chen's job was and will be primarily executive or managerial in nature.
The second case, Johnson-Laird, Inc. v. INS, 537 F.Supp. 52 (D. Oregon 1981) is distinguishable as well because it held that the INS improperly used the legal status of the petitioning business as a consideration in reaching its determination. The court in Johnson-Laird held that the legal status of the business involved is not a proper consideration in immigration proceedings. It is for that reason that the court in Johnson-Laird ruled against the INS, and inasmuch as that case does not relate to the issue of corporate size, it does not apply to the case at bar.
Consequently, the INS did not abuse its discretion in determining that plaintiffs failed to establish that Chen will be performing work for Fedin New York which is primarily executive or managerial in capacity. As long as there is substantial evidence on the record to support its determination, and it rests on a rational basis, the Court will defer to its decision. Chevron U.S.A., Inc. v. Natural Resource Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984); De Los Santos, 690 F.2d at 59.

CONCLUSION
Defendants' denial of plaintiffs' petition for a sixth preference immigrant visa classification was neither arbitrary and capricious nor an abuse of discretion. Plaintiffs have failed to meet their burden in establishing that Chen has been and will be employed at Fedin New York in a primarily *1110 executive or managerial capacity. This Court finds that based on the above, there remain no genuine issues as to any material fact. Fed.R.Civ.P. 56(c). Accordingly, defendants' motion for summary judgment is granted.
SO ORDERED.
NOTES
[1] "A.R." refers to the certified administrative record in the file of this case.