NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAIYANG FOODS INC., a Washington corporation, | No. 10-35942 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00109-JLR |
| v. | MEMORANDUM[*] |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 15, 2011[**]
Seattle, Washington

Before: GILMAN,[***] CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Taiyang Foods Inc. appeals the district court's summary judgment in favor of the United States Citizenship and Immigration Service (USCIS) in Taiyang Foods' Administrative Procedure Act case arising from the USCIS's denial of Taiyang Foods' Form I-140 petition for alien worker. The district court held that the record did not show that USCIS's decision was arbitrary and capricious. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The USCIS decision, finding that Taiyang Foods did not meet its burden of proof that it had the ability to pay the proffered wage at the time the priority date was established (2002), was not arbitrary and capricious. Taiyang Foods admitted that it could not show that it was able to pay the proffered wage for 2002. Because Taiyang Foods was newly created at that time and did not have a record of profitable performance in prior years, it could not demonstrate that 2002 was anomalous. Thus, the USCIS was not required to address whether *Matter of Sonegawa*, 12 I. & N. Dec. 612 (BIA 1967), was applicable. *Sonegawa* is applicable to this case only if the failure of Taiyang Foods to pay the proffered wage was an anomaly amongst profitable years.

2. The USCIS's decision to disregard the loans by Taiyang Foods to its sole shareholder as assets available for payment of the proffered wage to the I-140

2

beneficiary in 2003 and 2004 was also not arbitrary and capricious. We agree with

the assessment of the district court:

> Even if Taiyang Foods had established an ability to pay in 2002, however, USCIS would not have considered the loans to Mr. Shin because (1) they were not evidenced by any formal documents; (2) there was no evidence, other than Mr. Shin's own statements, that the loans were payable on demand—which would be required for the loans to be considered a current asset; and (3) there was no evidence that if Taiyang Foods called the loans, Mr. Shin would have the ability to pay them. Based on the arguments set forth by USCIS, the court cannot find that it abused its discretion by failing to consider Taiyang Foods's loans to Mr. Shin.

**AFFIRMED.**