**BLACK CONSTRUCTION CORPORA-TION, et al., Plaintiffs-Appellants,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, et al., Defendants-Appellees.**

No. 83–2415.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 1984.

Decided Sept. 17, 1984.

James S. Brooks, Brooks & Klitzkie, P.C., Agana, Guam, for plaintiffs-appellants.

Joan E. Smiley, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before TANG, POOLE and CANBY, Circuit Judges.

PER CURIAM:

Black Construction Company ("Black Construction" or the "Company") and eighty-five alien employees of the Company appeal from a grant of summary judgment in favor of the Immigration and Naturalization Service ("INS"). Black Construction argues: (1) the INS abused its discretion in denying issuance of sixth preference visa petitions to the plaintiff employees; (2) the INS' action denying issuance of sixth preference visa petitions was barred by the doctrine of collateral estoppel; and (3) the district court erred in excluding from consideration the affidavits and testimony offered by the Company.

We find Black Construction's arguments meritless and affirm the grant of summary judgment in favor of the INS.

I.  Did the INS err in denying Black Construction's sixth preference visa petitions?

■ The decision whether to grant or deny a visa petition lies within the discretion of the INS and will not be disturbed absent an abuse of that discretion. *Oi Lan Lee v. District Director*, 573 F.2d 592, 594 (9th Cir.1978).

■ Black Construction first argues that once the eighty-five employees received labor certifications, it was error for the INS to deny their petitions for sixth preference visa status. A similar argument was advanced and rejected by this Circuit in *K.R.K. Irvine v. Landon*, 699 F.2d 1006 (9th Cir.1983). In examining the statutory division of authority between the INS and the Department of Labor ("DOL"), the *Landon* court found that the DOL's role was limited to findings concerning the availability of qualified United States workers and the impact of alien employment on the domestic market. *Id.* at 1008–09. 8 U.S.C. § 1154(b) empowers the INS to make all other necessary determinations as to preference status eligibility. One prerequisite for sixth preference status is that such a visa be only available to perform occupations "not of a temporary or seasonal nature" 8 U.S.C. § 1153(a)(6). Thus, the INS clearly has the statutory authority to deny sixth preference visa petitions if it determines that the jobs at issue are not of a permanent nature, even though labor certifications have issued. *See also Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305 (9th Cir.1984).

■ Black Construction argues that the INS' determination that the jobs were temporary was an abuse of discretion. We disagree. In reviewing the administrative record, the district court noted that sufficient evidence existed for the INS to conclude properly that the jobs were temporary. Moreover, the district court found that the Company had failed to introduce *any* evidence to the contrary. We find that the INS did not err in finding that the jobs were not of a permanent nature.

Because the INS properly concluded that the jobs in question were not permanent, the INS did not abuse its discretion in refusing to grant the sixth preference visa petitions.

II.  Is the denial of the visa petitions barred by the doctrine of collateral estoppel?

■ The Company argues that the district court decision in *E.E. Black, Ltd. v. Dahlin*, No. 81–0109 (D.Hawaii Feb. 8, 1982) should collaterally estop the INS from denying the preference visas in the present case. We disagree. While Black Construction was the company plaintiff in both actions, it is apparent that the alien plaintiffs were different. *See United States v. Mendoza*, —— U.S. ——, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (Collateral estoppel may not be used against the Government by one who was not a party to the prior proceeding). Moreover, in the Hawaii action the district court made a finding of fact that the jobs at issue in that case were offers of permanent employment. No such factual determinations were made in the present controversy. In light of the different alien parties and the different factual

findings in the two cases, collateral estoppel is not available to appellants.

III. Did the district court properly limit its review to matters within the administrative record?

It is well-settled that judicial review of agency action is limited to a review of the administrative record. *See Camp v. Pitts*, 411 U.S. 138, 140–43, 93 S.Ct. 1241, 1243–44, 36 L.Ed.2d 106 (1973). Any quarrel the Company had about the record introduced by the INS should have been raised at the administrative proceedings. The district court correctly limited its review to evidence within the administrative record.

IV. CONCLUSION

The arguments raised by the Company on appeal are without merit. Accordingly, the district court's grant of summary judgment for the INS is

AFFIRMED.