**MASONRY MASTERS, INC., et al., Plaintiffs,**

v.

**Edwin MEESE III, et al., Defendants.**

**Civ. A. No. 86–0201.**

United States District Court, District of Columbia.

July 13, 1987.

---

Paul Shearman Allen, Washington, D.C., for plaintiffs.

Joseph E. diGenova, U.S. Atty., for the District of Columbia, Royce C. Lamberth and John H. Palmer, Jr., Asst. U.S. Attys., Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

## INTRODUCTION

Plaintiff Masonry Masters, a construction contracting company in the metropolitan Washington, D.C. area, seeks to hire Rigoberto Perdomo as a bricklayer. Perdomo is a resident alien, and cannot be hired unless the Department of Labor certifies that his employment will not deprive willing and able Americans of a job and will not adversely affect the wages and working conditions of persons with similar jobs. 8 U.S.C. Sec. 1182(a)(14). Once certified, aliens must petition the Immigration and Naturalization Service (INS) for a sixth preference visa, which enables them to work in this country legally. 8 U.S.C. Sec. 1153(a)(6).

Masonry Masters, then operating under a different name, filed an Application for Alien Employment Certification on behalf of Perdomo. The Department of Labor approved the application, but the INS rejected the preference petition on the

grounds that the plaintiff had not demonstrated its capacity to pay Perdomo at the stated wage level. *Administrative Record,* 24–5.

The INS appeals board affirmed the Service's decision. Plaintiff filed a complaint requesting that the Court order the defendants to approve the petition, and now asks for summary judgment. The defendants have also moved for summary judgment.

After a thorough review of the pleadings, the Court finds that no material facts are at issue and that the defendant is entitled to a judgment as a matter of law. Accordingly, the Court will deny the plaintiff's motion for summary judgment and will grant the defendants' motion for summary judgment.

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.

A court must grant a motion for summary judgment if material facts are undisputed and the movant is entitled to prevail as a matter of law. Fed.R.Civ.P. Rule 56; 10 Wright, Miller and Kane *Federal Practice and Procedure: Civil* Sec. 2712 (1983); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, Inc., et al. v. National Right to Work Legal Defense and Education Foundation, et al.,* 781 F.2d 928, 932 (D.C.Cir.1986). Here the parties agree on the essential facts of the case, and there can be but one reasonable conclusion as to the verdict. *See Plaintiff's and Defendants' Statement Of Material Facts As To Which There Are No Genuine Issue; Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C.Cir.1987) (quoting *Anderson,* 106 S.Ct. at 2511). The Court will grant defendants' motion for summary judgment, as plaintiff's allegations are unfounded as a matter of law.

▇ Plaintiff alleges that the defendants used an improper time frame to judge its ability to pay Perdomo the proffered wage. *Plaintiff's Motion for Summary Judgment,* 47. The INS reviewed the company's records for 1979, the year the Department of Labor received Perdomo's application. Plaintiff argues that the INS should have based its decision solely on the financial health of the company immediately prior to the time an alien was to commence working, because an employer is not obligated to pay the wage until then. The statute, however, clearly supports the defendants' view that evaluation of a sixth preference petition begins from "the date the request for certification was accepted for processing by any office within the employment service system of the Department of Labor." 8 C.F.R. Sec. 204.1(d)(2); *Matter of Great Wall,* 16 I & N Dec. 144–5 (Act.R.C.1977).

▇ The law is equally clear regarding plaintiff's allegation that the INS has no right to require extensive financial documentation. *Plaintiff's Motion for Summary Judgment,* 36–7. On the contrary, the INS, acting at the behest of the Attorney General, has broad power to set criteria for awarding preference status to aliens. 8 U.S.C. § 1154(a)(1); *See also Castaneda-Gonzalez v. Immigration and Naturalization Service,* 564 F.2d 417, 424 (D.C.Cir.1977).

In the case at bar, the INS made a routine request for the petitioner's balance sheets or financial statements. What the Service received in response was a copy of Perdomo's labor certificate as well as affidavits from co-workers attesting to his masonry skills and from the company controller stating his intent to pay the proffered wage. *Administrative Record,* 74. The INS then asked for more detailed information and advised the plaintiff that an inadequate response could result in the denial of the petition. *Id.* at 68–9. Plaintiff subsequently sent the alien's W–2 tax forms as well as a letter listing what it had paid the alien over a five year span; the amount for 1979, the relevant year, was less than half the promised wage ($9,788 rather than $20,800.) No balance sheets or financial statements were included. *Id.* at 68–9.

▇ As previously mentioned, the Service and the appeals board rejected the petition. The head of the board refused

the plaintiff's motion to reconsider and cited the company's failure to submit any additional material evidence to bolster its case. *Defendant's Motion for Summary Judgment*, Para. 11. The Service could easily find plaintiff's explanation for why it did not furnish the necessary documents—that they were "not retained" when the company reorganized—to be unsatisfactory. *Plaintiff's Statement Of Material Facts As To Which There Are No Genuine Issue*, Para. 12. Thus, the Court holds that the INS decision was neither arbitrary nor capricious, as plaintiff contends, because the petitioner has not met its burden of proving that it had the financial ability to pay the wage stated in the application for a visa preference.

■ Plaintiff further alleges that the INS exceeded its authority and suggests that the Service should, in effect, automatically grant preference status to whomever secures an employment certificate from the Department of Labor. *Plaintiff's Motion for Summary Judgment*, 19–20. This Circuit has repudiated the plaintiff's interpretation of the Immigration and Nationality Act, noting that, "[a]lthough the Act allocates a limited role to the DOL [Department of Labor], it vests primary responsibility for implementation with INS.... There is no doubt that the authority to make preference classification decisions rests with INS.... The determination of the INS is final and not subject to review by DOL." *Madany v. Smith*, 696 F.2d 1008, 1012 (D.C.Cir.1983); *see* 8 C.F.R. Sec. 204.2(e)(4); *U.S. v. Mendoza-Lopez*, — U.S. ——, 107 S.Ct. 2148, 2153, 95 L.Ed.2d 772 (1987). Thus, the INS does not exceed its authority when it denies a work permit to an alien, as happened here, even though the DOL determined that the alien's presence would not have an adverse impact on the American workforce. *Hassanali v. Attorney General*, 599 F.Supp. 189, 193 (D.D.

C.1984); *Rosedale and Linden Park Co. v. Smith*, 595 F.Supp. 829, 832 (D.D.C.1984).

Plaintiff also asserts that the INS refusal to grant its petition was an abuse of discretion and contrary to law. *Plaintiff's Motion for Summary Judgment*, 1–2. The allegations must again be rejected as a matter of law. The Supreme Court recently reiterated its view that "courts must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program." *Immigration and Naturalization Service v. Cardoza Fonseca*, — U.S. ——, 107 S.Ct. 1207, 1222, 94 L.Ed.2d 434 (1987); *see also Immigration and Naturalization Service v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985); *Robbins v. Reagan*, 780 F.2d 37, 45 (D.C.Cir.1985).

■ Judicial deference is particularly important in immigration matters, which have long been regarded as the province of the executive branch. *Elatos Restaurant Corp. v. Sava*, 632 F.Supp. 1049, 1053 (S.D. N.Y.1986). The judiciary may not defer to an agency when it has acted inconsistently, *Cardoza Fonseca*, 107 S.Ct. at 1221, but no such showing has been made here. Plaintiff avers that the INS has handled sixth preference petitions inconsistently, by granting a visa to another alien whose application was identical to that of Perdomo. *Plaintiff's Motion for Summary Judgment*, 35. The documents the plaintiff submitted, however, are insufficient to establish either that the applications were identical or that the INS rulings were conflicting.[1]

■ The Court must uphold the INS regardless of how much deference is due. The agency has not abused its discretion under the standard adopted in this Circuit: the INS findings, based on the financial viability of the alien's prospective employer, are consistent with the relevant statute and are reasonably calculated to serve its

1. Plaintiff submits the other alien's petition, but does not include the supporting documents required in question 26 of the petition. Plaintiff encloses correspondence with its attorney regarding the other alien, but does not include any correspondence with the INS. *Plaintiff's* *Exhibits A, B*. Without these vital records, the Court is unable to conclude that the agency acted improperly. Under Fed.R.Civ.P. 56, it is the responsibility of the moving party to produce evidence showing that it is entitled to a judgment as a matter of law.

purpose. 8 U.S.C. 1154(a)(1); *see also Nazareno v. Attorney General,* 512 F.2d 936, 939–40 (D.C.Cir.1975); *Wing Ding Chan v. Immigration and Naturalization Service,* 631 F.2d 978, 980–81 (D.C.Cir.1980). The INS interpretation need not be the best possible one: an agency decision cannot be overturned simply because a court would have made a different choice. *Nazareno, supra,* at 940; *Elatos, supra,* at 1053.

The Court finds that the INS discharged its duty properly, and therefore dismisses plaintiff's allegations that the INS abused its discretion and acted contrary to law.

### CONCLUSION

Plaintiff has failed to show that there are any material facts at issue, nor has plaintiff overcome defendants' argument that they will prevail as a matter of law. The Court will enter an Order, of even date herewith, granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment.