**CHI–FENG CHANG and Chi–Shing Chang, Plaintiffs,**

v.

**Richard L. THORNBURGH, Attorney General of the United States, et al., Defendants.**

**Civ. A. No. CA3–89–0020–D.**

United States District Court, N.D. Texas, Dallas Division.

June 29, 1989.

David Swaim of Samuel M. Tidwell & Associates, P.C., Dallas, Tex., for plaintiffs.

James T. Reynolds, INS District Counsel, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

This is an action by two aliens who contend the Immigration and Naturalization

Service ("INS") erred by denying a petition for sixth preference immigrant status. Finding the agency's denial of the petition to be neither arbitrary, capricious, nor an abuse of discretion, the court grants summary judgment in favor of defendants.

## I.

Plaintiff, Chi–Feng Chang ("Chi–Feng"), is a 35–year old male citizen of the Republic of China. Chi–Feng was born in Inchon, Korea.[1] On or about August 26, 1985, he applied for an alien employment certification with the Department of Labor ("DOL") pursuant to 8 U.S.C. §§ 1153(a)(6) and 1182(a)(14). Labor certification is a prerequisite to the issuance of an immigrant visa under the sixth preference category pursuant to 8 U.S.C. § 1153(a)(6). This category provides for issuance of a visa to qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States. *Id.* This certification was approved in February 1986.

Plaintiff, Chi–Shing Chang ("Chi–Shing"), is a sole proprietor doing business as the Chopstick Restaurant and Club. Chi–Shing filed a petition in April 1987 requesting sixth preference classification for Chi–Feng for employment as a Chinese cook. The salary proposed was $14,400 a year, which exceeded the total amount of wages paid by Chi–Shing to all of his employees in the prior years.

On September 10, 1987, the INS director denied the petition. He found that Chi–Shing failed to establish he had sufficient ability to pay the proffered wage at the time the labor certification was filed. This decision was ultimately appealed to the Administrative Appeals Unit ("AAU"). The appeal was dismissed on October 28, 1988. The AAU found that Chi–Shing had failed to provide sufficient, relevant evidence in the record to establish his ability to pay the offered wage as of the petition's filing date.

On January 4, 1989, plaintiffs filed the instant suit, challenging the denial of the visa. Plaintiffs now move for summary judgment, contending the decision is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. Plaintiffs contend they did not have to prove that as of August 26, 1985, Chi–Shing had the ability to pay the offered wage. They also contend the INS ignored the surrounding facts and circumstances, including Chi–Feng's labor certification, Chi–Shing's projections of future operations and hopes, and Chi–Shing's current success. Plaintiffs also argue that the analysis of certain income tax returns was beyond the expertise of the AAU and that depreciation should be added back as a cash asset because it is only deducted as an accounting principle.

Defendants oppose plaintiffs' motion and move for summary judgment that plaintiffs' action be dismissed. According to defendants, the law clearly requires Chi–Shing to establish his ability to pay the wage offered, but his income tax returns establish that Chi–Shing suffered an $18,642 net loss in 1985, while paying wages of $7,950, and suffered a $6,646 net loss in 1986, while paying wages of $11,550. Defendants contend the INS decision was correct that, as of 1986, Chi–Shing had not established his ability to pay the $14,400 salary proffered. Defendants argue that the other evidence in the record relates to times after the filing of the application and thus is irrelevant to the determination as a matter of law. Defendants point out that labor certification is merely the first stage and does not prohibit the INS from properly exercising its decision to grant or deny the sixth preference classification. Defendants also argue that the courts view income tax returns and the net income reported on them as well-established indicators of financial worth and ability to pay and appropriate evidence upon which to rely in a sixth preference visa determination. Defendants thus contend there is substantial evidence to support the INS determination.

1. The undisputed summary judgment evidence establishes the following facts.

## II.

### A.

▮ Judicial review of a decision of the INS is governed by 5 U.S.C. § 706(2)(A), which requires a reviewing court to set aside an agency action if it appears in the record that such action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* A reviewing court is not to substitute its judgment for that of the agency, and the court is to show proper deference to agency expertise. *Duke Power Co. v. United States Nuclear Regulatory Commission,* 770 F.2d 386, 389–90 (4th Cir.1985) (per curiam). The court should make a careful inquiry of the record to ascertain whether the agency decision was "a clear error of judgment." *Bowman Transportation, Inc. v. Arkansas–Best Freight System, Inc.,* 419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971)).

▮ The INS is accorded broad discretion in granting or denying visa preference petitions. *Elatos Restaurant Corp. v. Sava,* 632 F.Supp. 1049, 1053 (S.D.N.Y. 1986) (citing *North American Industries, Inc. v. Feldman,* 722 F.2d 893 (1st Cir. 1983)). Judicial deference is particularly appropriate in immigration matters, which are a sovereign prerogative and have long been regarded as a province of the executive branch. *Id.; Masonry Masters, Inc. v. Meese,* 664 F.Supp. 9, 12 (D.D.C.1987), *rev'd on other grounds sub nom. Masonry Masters, Inc. v. Thornburgh,* 875 F.2d 898 (D.C.Cir.1989). The review of INS preference visa decisions by the district courts is thus limited to determining from the administrative record whether the INS abused its discretion. *Mila v. District Director of Denver,* 678 F.2d 123, 125 (10th Cir.1982), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 952 (1983); *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir.1984).

▮ In visa petition proceedings, such as the instant case, the burden of proof to establish eligibility for the visa rests with the petitioner. *K.C.P. Food Co., Inc. v. Sava,* 623 F.Supp. 1080, 1082–83 (S.D.N.Y. 1985); *Elatos,* 632 F.Supp. at 1053; 8 U.S.C. § 1154. In the instant case, therefore, the court may only find an abuse of discretion if the INS decision that Chi-Shing did not meet his burden in establishing eligibility for the visa requested is unsupported by reasonable, substantial evidence on the record as a whole. *Elatos,* 632 F.Supp. at 1053.

### B.

▮ The determination whether a petitioner qualifies for a sixth preference visa employs a two-tiered qualification mechanism. A threshold determination is made by the DOL which, if approved, certifies to the Attorney General that certain prerequisites are met. *See* 8 U.S.C. § 1182(a)(14). This labor certification was made in the instant case on February 14, 1986. Thereafter, the Attorney General—acting through the INS—has the ultimate responsibility for determining whether the petitioner has established the alien's qualification for preferential visa status. *Masonry Masters,* 664 F.Supp. at 12; 8 U.S.C. § 1154(b). The INS may deny the immigrant visa if it determines the applicant does not meet the substantive qualifications for the preference qualification desired, even though the DOL has issued the labor certification. *Black Construction Corp. v. INS,* 746 F.2d 503, 504 (9th Cir. 1984); *Madany v. Smith,* 696 F.2d 1008, 1012–13 (D.C.Cir.1983). To the extent plaintiffs assert in their motion that the issuance of the labor certification prevented or affected a denial by the INS, that assertion is without merit. The INS properly based its determination upon whether the applicant met the substantive qualifications for the visa and not upon the DOL's decision to issue the labor certification. *See Ubeda v. Palmer,* 539 F.Supp. 647, 648–50 (N.D.Ill.1982), *aff'd,* 703 F.2d 571 (7th Cir.1983).

▮ To meet his burden of establishing entitlement to a sixth preference visa classification, a petitioner must demonstrate

his financial ability to pay the wage offered and that the beneficiary meets the minimum requirements to perform the job satisfactorily. *Elatos*, 632 F.Supp. at 1053. The basis for denial in the instant case, that Chi–Shing failed to meet his burden of establishing financial ability, is a determination to be made by the INS. *Tongatapu*, 736 F.2d at 1309–10. The court finds substantial evidence in the record to support the INS' decision that Chi–Shing did not meet his burden of establishing his ability to pay.

■ The 1985 and 1986 tax returns clearly support the INS' determination that Chi–Shing was unable to add to his business an additional $14,400 of salary at the time of the application. The returns show that Chi–Shing suffered an $18,642 net loss in 1985, while paying wages of $7,950, and suffered a $6,646 net loss in 1986, while paying wages of $11,550. The $14,400 salary would have exceeded the wages paid by Chi–Shing to all his employees in each of the prior years. The INS decision that Chi–Shing was unable to pay this amount was reasonable under the evidence presented.

In addition, the court notes that Chi–Shing attempts to undermine the effect of the loss in 1985 by contending that part of that was a paper-loss carryforward from the prior year. This evidence—that petitioner actually suffered net losses in three and not just two consecutive years—bolsters the INS determination. The court finds the INS determination to be reasonable in light of the evidence in the record; the decision certainly does not amount to an abuse of discretion.

Plaintiffs contend the INS erred in not considering all the evidence and the surrounding facts and circumstances. The court first notes that even if all the evidence and facts in the record were considered, there would still be substantial evi-

dence in the record which would support the decision of the INS. Second, the court concludes that all the relevant evidence and facts were considered.

■ It has long been held that an alien must be eligible to receive the visa at the time the petition is filed. *In re Great Wall*, 16 I. & W. Dec. 142, 144–45 (BIA 1977); *Square Field Corp. v. I.N.S.*, No. CA3–86–3136–T, slip op. at 5 (N.D.Tex. Feb. 18, 1988) (Maloney, J.); *In re Atembe*, Int.Dec. 2023 (BIA 1971). The filing date is important because it establishes the priority date for the issuance of an immigrant visa to an applicant in this category. *Id.* In this two-step process to obtain sixth preference classification, the date the request for certification is filed with the DOL is the cutoff date through which the court bases its evaluation. *Masonry Masters*, 664 F.Supp. at 11; 8 C.F.R. § 204.1(d)(2). The relevant date in the instant determination is August 26, 1985, the date plaintiffs' filed their request for certification with the DOL.[2] The INS thus considered all the evidence relevant to its determination. The other evidence offered by plaintiffs, and designated in their motion for summary judgment, includes two letters designating account balances and certificate of deposit amounts on September 29, 1987, a balance sheet prepared December 31, 1986, and an earnest money contract on Chi–Shing's residence dated February 16, 1986. None of this evidence is relevant to the INS' determination of Chi–Shing's ability to pay the proffered wage on August 26, 1985. Plaintiffs' contention that the INS did not consider all the facts and future projections is thus without merit because no evidence or facts were presented that would support any reasonable expectations of future success at the time of the application.

■ Plaintiffs contend the tax return evidence of petitioner's net loss is beyond

---

**2.** Plaintiffs contend in a footnote that the date of filing the petition was April 1987 and that this is the relevant date for the determination. As the court states above, this assertion is incorrect. Even if the April 7, 1987 date were used, however, the court would still uphold the INS decision. The letters establishing account balances and certificate of deposit amounts would still be irrelevant because they are dated subsequent to the April 1987 date. Based on the evidence remaining in the record, including the tax returns, the court would still find that substantial evidence exists to support the INS decision.

the expertise of the AAU in making its determination and does not accurately reflect Chi–Shing's financial situation and should not have been considered. The court disagrees. This argument has been rejected by other courts. *See Elatos,* 632 F.Supp. at 1054; *K.C.P. Food Co.,* 623 F.Supp. at 1084. "Reliance on income tax returns as a basis for determining a petitioner's ability to pay the proffered wage is well-established by both INS and judicial precedent." *Elatos,* 632 F.Supp. at 1054 (citing cases). In weighing the tax return as evidence of financial viability, the INS may rely on the net taxable income figure reported on the return. *Id.; Ubeda,* 539 F.Supp. at 649–50; *C & K Corp. v. Sava,* 84 Civ. 8407 slip op. at 9 [WESTLAW DCT DATABASE 1986 WL 2816] (S.D.N.Y. Feb. 25, 1986). Chi–Shing's returns, showing net losses, were properly considered by the INS. Plaintiffs' first contention is without merit.

 Plaintiffs also contend the depreciation amounts on the 1985 and 1986 returns are non-cash deductions. Plaintiffs thus request that the court *sua sponte* add back to net cash the depreciation expense charged for the year. Plaintiffs cite no legal authority for this proposition. This argument has likewise been presented before and rejected. *See Elatos,* 632 F.Supp. at 1054. INS and judicial precedent support the use of tax returns and the *net income figures* in determining petitioner's ability to pay. Plaintiffs' argument that these figures should be revised by the court by adding back depreciation is without support.[3]

There is reasonable, substantial evidence in the record to support the INS' determination that Chi–Shing did not establish his ability to pay the proffered wage. The court finds that the INS did not abuse its discretion in denying the sixth preference petition based upon the evidence before it.

**III.**

Defendants' motion for summary judgment is granted. Plaintiffs' motion for summary judgment is denied. This case is dismissed by judgment entered today.

SO ORDERED.

---

**3.** In addition to the lack of authority for plaintiffs' position, the court finds the argument to be without merit. First, the court considers the depreciation, or decreased value, of the assets of a business to be a relevant factor in evaluating the financial viability of that business. Second, even if the depreciation deductions of approximately $19,000 in 1985 and $16,000 in 1986 were added back to net income, the total net income for those years would still fall far below the amount needed for the additional $14,400 salary proffered.