CHU INVESTMENT, INC., a California Corporation, Plaintiff—Appellant,

v.

Michael B. MUKASEY,* United States Attorney General; et al., Defendants—Appellees.

No. 05–56791.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed Nov. 27, 2007.

Wesley Chang, Esq., Wellington Y. Kwan, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Robert I. Lester, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: HALL and CALLAHAN, Circuit Judges, and REED **, District Judge.

* Michael B. Mukasey is substituted for his predecessor, John Ashcroft, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

MEMORANDUM ***

Ze–Qiang Yu ("Yu") owns a Chinese company, Julong Enterprises ("Julong"). Julong bought a fifty percent interest in Chu Investment ("Chu"), which owns a Burger King restaurant in Canoga Park, California. Chu sought both an I–140 visa and an I–129 visa for Yu to allow him to come to the United States as an international manager to manage the Burger King restaurant. The I–140 immigrant visa would have entitled Yu to seek permanent residence in the United States, while the I–129 non-immigrant intracompany transfer visa would have permitted Yu to work in the United States for only a limited period of time. The Director of the California Service Center of the Immigration and Naturalization Service, now the Citizen and Immigration Services, denied first the I–140 visa and subsequently the I–129 visa.

Chu chose to seek judicial review of the denial of the I–140 visa in the United States District Court for the Central District of California pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, alleging that the denial was arbitrary and capricious. The APA permits judicial review of agency decisions when, as here, no law or regulation requires interagency review prior to seeking judicial review. *See Darby v. Cisneros,* 509 U.S. 137, 154, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993).

Chu, however, chose to appeal the Director's denial of the I–129 visa to the Administrative Appeals Office ("AAO") of the agency. Although Chu initially sought a writ of mandamus from the district court to compel the agency to rule on the I–129 visa, it voluntarily dismissed its petition for writ after the AAO affirmed the denial of the I–129 visa. Thus, only the Director's

denial of the I–140 visa was before the district court, and only the denial of the I–140 visa is before us as a result of Chu's appeal from the district court's affirmance of its denial.

Judicial review of visa requests is governed by, and permitted under, the APA. *See Young v. Reno,* 114 F.3d 879, 882 (9th Cir.1997). In reviewing an agency action under the APA, we are limited to reviewing the reasoning articulated by the agency. *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir.2001) ("Although we can affirm the judgment of a district court on any ground supported by the record, we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.") (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)). We review the denial of a visa application for abuse of discretion. *Black Const. Corp. v. INS,* 746 F.2d 503, 504 (9th Cir.1984) ("The decision whether to grant or deny a visa petition lies within the discretion of the INS and will not be disturbed absent an abuse of that discretion."). Moreover, we review de novo the district court's grant of summary judgment upholding an agency decision. *N. Alaska Envtl. Ctr. v. Kempthorne,* 457 F.3d 969, 975 (9th Cir.2006).

■■■ Here, we conclude that the Director's reasons for denying the I–140 application constitute an abuse of discretion. None of the three reasons asserted is well taken. First, the Director held that Yu could not be a manager because the employees he would manage were not professionals. However, the applicable regulations do not limit managers to those who manage professional employees. *See* 8 C.F.R. § 214.2(*l*)(1)(ii)(B)(2) (indicating that a manager must supervise and control the work "of other supervisory, profession-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al, *or* managerial employees, *or* manage[ ] an essential function within the organization, or a department or subdivision of the organization") (emphasis added). Second, the Director held that Yu could not be a manager or executive because he did menial day-to-day tasks. The regulations clearly state, however, that the applicant's duties need not be solely managerial; the fact that the work also involves non-managerial tasks does not make an applicant ineligible for a visa. *See* 8 C.F.R. § 214.2(*l*)(1)(ii)(B) (defining "managerial capacity" based on the individual's "primary" responsibilities). Finally, the Director found that Julong and Chu did not have a qualifying business relationship because "the Service does not generally recognize franchise businesses as qualifying organizations" due to lack of "control of the business due to licensing requirements." Because the Director offered no specific analysis of the franchise agreement in this case to determine whether the requisite level of control was lacking, his reliance on a general rule alone was arbitrary and capricious. *Cf. Matter of Schick,* 13 I. & N. Dec. 647, 649 (BIA 1970) (examining contract in detail to determine whether relationship between foreign and domestic company establishes a qualifying relationship).

Because we find that the Director's reasons for denying the I–140 visa application were arbitrary, we vacate the district court's affirmance of the denial of the I–140 visa, and we direct the district court to remand the matter to the agency for re-evaluation. We recognize that the AAO denied the I–129 visa application on different grounds than the Director denied the I–140 and I–129 applications and that the AAO's reasons may be applicable to the I–140 application. However, as we are limited to reviewing the Director's grounds for denying the I–140 visa, we leave it to the

agency on remand to consider the impact of the AAO's reasons for denying the I–129 visa on Chu's I–140 visa application. *See Chenery Corp.,* 332 U.S. at 196, 67 S.Ct. 1575 ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."); *see also Northwest Env. Defense Ctr. v. Bonneville Power Admin.,* 477 F.3d 668, 686 (9th Cir.2007) ("We may only sustain an agency's action on the grounds actually considered by the agency.").

The district court's affirmance of the denial of Chu's I–140 visa application is **VACATED,** and the district court is directed to remand the matter to the agency for re-evaluation.

REED, District Judge, concurring in part and dissenting in part:

I find no fault with the majority's analysis of the Director's decision regarding the I–140 visa. However, the decision of the Administrative Appeals Office ("AAO") with respect to the closely related I–129 visa application is also relevant to the outcome of this case. So too is the fact that Chu failed to exhaust its administrative remedies with respect to the I–140 visa.

Both the I–129 and the I–140 visa applications involve the details of Yu's proposed work for Chu as general manager of the Burger King restaurant in Canoga Park, California, and the legal relationship of Chu to Julong. Chu submitted essentially the same job description for Yu for each application, and basically the same documentation of the relationship between Chu and Julong. The exhibit lists attached to Chu's I–140 application and I–129 application, although not identical, are for the most part duplicative.[1] Moreover, at oral

---

**1.** In Chu's appeal to the AAO with respect to     the I–129 petition, Chu was permitted to sub-

argument when asked if the two visas involved the same underlying facts, Chu did not contest that the underlying facts are the same. The legal standards for the two visas are in substantial part identical.

With respect to the I–129 visa, the AAO's decision that Chu had failed to meet its burden of proving that Yu's job would be primarily managerial is supported by the record. Chu's application described Yu's responsibilities at the Burger King restaurant as only partly involving managerial duties—that is, only some of Yu's job entailed supervising managerial employees. Some of Yu's job at the restaurant would involve non-managerial duties such as bookkeeping and responding to customer complaints. Notably, Chu's I–140 application also specified that fifty percent of Yu's job responsibilities would be learning the fast food business and attending swimming pool trade shows.

Chu concedes that Yu's job would involve both managerial and non-managerial duties, but argues that his job would be primarily managerial. The record indicates, however, that Yu's job would be primarily non-managerial. Yu's work for Chu was to be split equally between working in the Burger King restaurant and pursuing other activities. An undetermined amount of time even in his restaurant work would be non-managerial, such as bookkeeping. Accordingly, it appears that less than half of Yu's work would be managerial and the agency did not abuse its discretion in denying Chu an I–129 visa. Importantly, my reading of the majority opinion is not that the majority would find fault with the AAO's decision.

Chu appealed the denial of the application for the I–129 to the AAO, but he did not administratively appeal the denial of his I–140 application. Although exhaustion of remedies with respect to Chu's I–140 application was not required by statute, "[c]ourts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 881 (9th Cir.2003)). All three factors support requiring prudential exhaustion in this case. The second and third factors do so quite strongly.

Further, although prudential exhaustion is not jurisdictional, *Stauffer Chemical Co. v. Food & Drug Administration,* 670 F.2d 106, 107 (9th Cir.1982), affording the *relief* of a remand where there is a failure to exhaust is still generally inappropriate. *See McGee v. United States,* 402 U.S. 479, 489–90, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971) (holding that exhaustion was required and that a defense was therefore *precluded* despite potential errors committed by the Selective Service with respect to that defense); *Puga,* 488 F.3d at 815 (affirming a dismissal of a habeas petition on the basis of prudential exhaustion); *J.L. v. Soc. Sec. Admin.,* 971 F.2d 260 (9th Cir.1992) (affirming a dismissal based on prudential exhaustion, but doing so without prejudice), *overruled on other grounds by Lane v. Pena,* 518 U.S. 187, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996); *Huang v. Ashcroft,* 390 F.3d 1118, 1124 (9th Cir.2004) (affirming a dismissal of a habeas petition on the basis of prudential exhaustion). A remand

---

mit additional documentation. The AAO thus had more information than the Director when he denied the I–129 petition, but the AAO still determined that Chu had both failed to show that Yu's job was primarily managerial and had failed to establish Chu was a subsidiary of Julong.

will "allow the agency to correct its own mistakes" in *this* case, *Puga,* 488 F.3d at 815, but the record makes it clear that the mistakes would have been corrected anyway had Chu exhausted his administrative appeals. There is no reason to condone this bypass of the agency's appellate scheme.

In sum, notwithstanding the Director's errors, there is no reason to remand this appeal and I would simply dismiss it. Accordingly, I respectfully dissent.