**ALL ABOARD WORLDWIDE COURIERS, INC., et al., Plaintiffs,**

v.

**ATTORNEY GENERAL, et al., Defendants.**

**No. 97 CIV. 6973(CBM).**

United States District Court, S.D. New York.

July 23, 1998.

Neil A. Weinrib, Neil A. Weinrib & Associates, New York, NY, for plaintiffs.

Pierre M. Gentin, United States Attorney's Office, Southern District of New York, New York, NY, for defendants.

*Memorandum Opinion Granting Summary Judgment*

MOTLEY, District Judge.

**A. Background**

This immigration case arises under 28 U.S.C. § 1331, the Administrative Procedure Act, and the Declaratory Judgment Act. Defendants seek summary judgment, arguing that the Immigration and Naturalization Service's decision to deny a certain kind of work visa to plaintiff and her would-be employer was not an abuse of discretion. For the reasons set forth below, defendants' Fed. R.Civ.P. 56 motion is GRANTED.

Plaintiff All Aboard Worldwide Couriers. Inc. ("All Aboard") is a New York corporation. Plaintiff Puja Virk ("Virk") is a citizen of India, presently in the United States in H–1B status [1] who is seeking to perform services for All Aboard Worldwide. The defendants are the Attorney General of the United States ("AG") and the Immigration and Naturalization Service ("INS") (collectively: "the Government").

---

1. Ms. Virk had an approved H–1B visa petition for a prior public relations consultant position with a television broadcaster.

## B. The H–1B Visa

Title 8, Section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act provides for the nonimmigrant visa classification (the "H–1B visa" status) of an alien "who is coming temporarily to the United States to perform services ... in a speciality occupation described in 1184(i)(1) of this title ... who meets the requirements of the occupation specified in 1184(i)(2).... and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed" the necessary application with the Secretary.

The term "speciality occupation" refers to an occupation which requires "theoretical and practical application of a body of specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. 1184(i)(1)(A),(B). The statute's implementing regulations set forth standards for qualification of a speciality occupation. The speciality occupation must meet one of the following criteria:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree. 8 C.F.R. § 214.2(h)(4)(iii)(A)(1)—(4).

In addition, the regulations set forth beneficiary qualifications by requiring that the petitioner meet one of the following criteria:

(1) Hold a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

(2) Hold a foreign degree determined to be equivalent to a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

(3) Hold an unrestricted State license, registration, or certification which authorizes him or her to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment; or

(4) Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate or higher in the specialty occupation, and have recognition of expertise in the specialty through progressively responsible positions directly related to the specialty. 8 C.F.R. § 214.2(h)(4)(iii)(C)(1)—(4).

## C. Plaintiffs' Application

The following facts are not in dispute:

On November 2, 1995, All Aboard filed a nonimmigrant visa petition for nonimmigrant workers with the INS to classify Virk as a public relations consultant. All Aboard described itself as an international courier service specializing in shipments to Europe, Asia, and Australia. In support of its petition, All Aboard submitted supporting documentation, including an evaluation of Virk's foreign educational degree and certificates and grade information from the schools Virk had attended in India. Virk had obtained the equivalent of a bachelor's degree in social science and her course work focused on history, political science, and public administration. All Aboard stated in its application that the nature of the position, as well as the requirement it imposed that applicants have bachelor's degrees and employment experience in the field, assured that the position was specialized within the meaning of the law.

On November 15, 1996, the INS, noting the requirement that a bachelor's degree be in a specific specialty in order to qualify for an H–1B visa, requested evidence that a specialized degree was a standard require-

ment for the position of public affairs consultant at All Aboard and competing courier companies.

All Aboard renewed its petition, with additional evidence in the form of two letters from All Aboard's competitors which stated that a bachelor's degree requirement is common for public relations consultants in the shipping industry. The letters explained that the field of public relations is open to diverse disciplines. All Aboard also submitted a letter which noted that the sophisticated nature of the public relations job required an individual with proficient academic credentials. Thereafter, the INS denied the nonimmigrant visa petition on the grounds that the petition had not proven the requirements that a degree in a specific and specialized area was required for the position and, therefore, that the position was not a specialty occupation within the meaning of the law.

Plaintiffs appealed on the grounds that the INS center director failed to consider relevant and material documentary evidence, but the denial of the visa was affirmed by the INS' Administrative Appeals Unit ("AAU") on June 17, 1997. The AAU found that there were no defined standards for entry into a public relations career and that the Department of Labor's Occupational Outlook Handbook did not show that a B.A. was a requirement for the Virk's sought job. Plaintiffs contend that the decision of the acting director of the AAU was arbitrary, capricious, and contrary to the weight of the evidence. In a lawsuit filed in this court on September 18, 1997, plaintiffs seek declaratory judgment to affirm that the challenged agency action was an abuse of discretion.

**D. Abuse of Discretion**

"It is settled law in this Circuit that abuse of discretion [in immigration visa denial cases] is shown only if the decision under review was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *London Typographers, Inc. v. Sava,* 628 F.Supp. 570, 576 (S.D.N.Y.1986) (*citing Li Cheung v. Esperdy,* 377 F.2d 819 (2d Cir.1967) and *Wong Wing*

*Hang v. Immigration and Naturalization Service,* 360 F.2d 715, 719 (2d Cir.1966)).

Even assuming, as plaintiffs contend, that the job duties of a public relations consultant with All Aboard are complicated enough to require someone with a B.A., strong academic credentials, and job experience, this court holds that there was not an abuse of discretion, as a matter of law, in the INS' determination that the position did not qualify as a speciality occupation. The INS found an absence of evidence that All Aboard or its competitor organizations require job candidates to have a B.A. in a specific, *specialized* area. *See* 8 U.S.C. 1184(i)(1)(A),(B) (a specialty occupation requires "theoretical and practical application of a body of specialized knowledge, and attainment of a bachelor's or higher degree *in the specific specialty* (or its equivalent) as a minimum for entry into the occupation in the United States.") (emphasis added). The INS was not compelled to find that the proposed duties—research, drafting, and analysis tasks involving broad business disciplines—were inherently specialized.

Plaintiffs' argument that the INS clearly abused its discretion in denying the visa petition to Virk, especially given that Virk previously had been afforded this status by the Service for a job as a public relations consultant for a television broadcast company, is unavailing. The statutory and regulatory framework of the H-1B visa obliges the INS to examine the interplay among the petitioner, the job, and the industry. The INS' decision was that Ms. Virk—an individual with a B.A. in the social sciences—could not receive an H-1B visa to work as a public relations consultant for a job in the shipping and courier industry. This decision does not mean that an individual with a liberal arts B.A. could never work as a public relations consultant. For example, an individual with a B.A. in art history and work experience as a public relations consultant might be the appropriate person to work as a public relations consultant for a fine arts museum, but this same individual might not be the appropriate person to work as a public relations consultant for a science museum. The fact that Ms. Virk received an H-1B visa for a public relations position in a different indus-

try does not, in light of the statutory and regulatory requirements of case-by-case determinations using job, applicant, and industry-specific information, without more create the possibility of an abuse of discretion.

## CONCLUSION

Because the facts, viewed in the light most favorable to plaintiffs, do not create any possibility of abuse of discretion on the part of the defendant INS in denying an H–1B visa to plaintiff Virk for her to work at plaintiff All Aboard, defendants' summary judgment motion is GRANTED.